## DAVIS & CO v. CAMPBELL.

1. Where the indorser of a promissory note holds himself liable to the indorsee, "should the maker fail," this is a different contract from a general indorsement, and must be specially declared on.
2. The word 'fail' in such indorsement, is of larger import than 'refuse,' and is equivalent to inability or insolvency of the principal; and such fact must be shewn by the indorsee, as ascertained by suit or otherwise.
3. And proof of the indorser's subsequent promise to pay, is inadmissible, the declaration not being adapted to such a state of fact
4. In declaring on a contract, it must be set out literally, or described according to its legal effect; in the latter mode, a substantial variance in the proof, is fatal.

An action of assumpsit was brought in the Circuit Court of Montgomery county, by Phineas Davis & Co., against Campbell, who had indorsed to them a promissory note, in the following words: "I assign my interest to the within note to Phineas Davis & Co., holding myself liable for the within, should the maker fail." The declaration was in the usual form of those upon notes indorsed in the ordinary way, averring the refusal of the maker to pay. On the trial at September term, 1828, the plaintiff proved that the maker had died insolvent, and demand of, and refusal by his administrator; but the Court would not suffer the note to be read to the jury, on the ground of a discrepancy between the indorsement and the one described in the declaration; which was excepted to by the plaintiffs, and is here assigned for error.

THORINGTON, for plaintiff in error. This case depends on the construction of an indorsement, as set forth in the bill of exceptions, or indeed upon the meaning of the word fail. The commercial world understands a refusal to pay on demand, to be a failure. The indorsement here was made before the late statute concerning the liability of indorsers. A suit here was unnecessary, no advantage could accrue to the plaintiff thereby, and Courts require nothing of parties unnecessarily. If the maker has refused to pay, the indorser is liable; nothing is said as to pursuing him to insolvency. Among commercial men, a refusal to pay is a failure, and a commission of bankruptcy may issue. The effect of the indorsement in question, is precisely the same as that of one in blank, and the Court should have admitted it.

GOLDTHWAITE, for defendant in error. The contract described in the declaration was a different one from that produced, but even admitting it to be the same, we contend the plaintiff did not prove enough. The defendant was charged as a common indorser, but here was a specified and limited indorsement; his liability is closely limited; it is only on a failure that he becomes responsible. It was not a general indorsement, the words of it are restrictive, and must be taken in their common acceptation. The word 'fail,' evidently means to become unable to pay debts; it was then clearly different from a common indorsement, and must be specially stated. Would any one say it was the intention of the parties that it should be a blank indorsement? why then qualify it? why not put it in blank.[a] The variance, though slight, is fatal; besides the plaintiff must shew that McBride was insolvent, and he must shew he knew he was so. But the first position is sufficient to sustain the judgment.

THORINGTON, in reply. As to the declaration, it is in the usual form, and treats the indorsement as a general one; it avers non-payment, notice, and promise to pay. The objection is, that we have not proved the insolvency of the maker, and it should have been averred. We have declared according to legal effect, and the authority cited does not interfere with this position. If the indorsement is described according to its legal effect, it is sufficiently described. There is an absolute promise to pay, which waives the necessity of notice and every thing else. And the promise to pay on failure, means nothing else but failure to pay on the part of the maker. It is immaterial to them if he fails to pay other notes; but it is in proof that he was unable to pay. The issue need not be as broad as the evidence, and as the indorser did not require insolvency, this Court will not.

By JUDGE COLLIER. The indorsement in this case cannot be considered as a mere transfer of the payee's interest in the note, with an implied agreement to be liable to the indorsee, upon a demand, refusal and notice. It certainly contains an understanding on the part of the indorser to be liable upon a contingency, somewhat variant from the condition which the law annexes to an ordinary indorsement, and imposes upon the indorsee, if he would coerce payment from the indorser, the necessity of shew-

. JANUARY 1831

Davis & Co.
v.
Campbell.

a 1 Chit. Pl.
302, 308.

ing the inability of the maker to pay, or something of an equivalent import.   If it was the intention of the indorser to make himself liable, on the indorsee's complying with the conditions which tacitly attach themselves to indorsements of a general character, why was he so particular as to express the condition of his liability.   The word 'fail,' which is expressive of the condition, was not used as synonymous with inability, but is used in that sense in which mercantile men generally understand it, as conveying an idea of insolvency, or a want of resources to meet engagements.   In this sense, it was doubtless understood by the parties; to suppose otherwise, would render the condition of the indorsement totally useless.   The obligation then incurred by the indorser, makes him chargeable to the indorsee, upon proof of the inability of the maker to pay, as ascertained by suit or otherwise.

The contract being different from that of a general indorsement, it would follow that the plaintiff cannot recover upon a declaration, applying alone to that description of contract.   It is a rule of very general application in pleading, that the *allegata* and *probata* must correspond.   It is not competent to set forth one contract and recover upon proof shewing one entirely different.   If the drawee makes a conditional acceptance, his acceptance must be declared on specially, with an averment that the condition has been performed.[a]   So a condition precedent, or a provision or other matter which qualifies the contract, or goes in discharge of the liability of the defendant, must be atated by way of averment: see *Ferguson v. Cappeon's administratrix*[b]   I have not searched into authority sufficiently to find an adjudication similar in point of fact, but the cases cited seem to be analogous in principle.   The rule with regard to the description of contracts is, that they must be set out literally, or according to their legal effect, and if the latter mode of pleading is adopted, it is held that any substantial variance is fatal.[c] The indorsement offered in evidence, was substantially different from that declared on, and its rejection was proper.

With regard to the subsequent promise of the defendant to pay the note, it is sufficient to remark, that the declaration was not adapted to such a state of fact.   The judgment is therefore affirmed.

Judgment affirmed.