# Rogers, Receiver, v. Haines *et al.*

### *Bill in Equity to enjoin Collection of Judgments.*

1. *Suit by foreign receiver; sufficiency of bill.*—In order for the receiver of a foreign corporation, appointed by a court in another State for the purpose of collecting said corporation's assets and settling its debts, to maintain a bill in this State to collect and protect the assets of said corporation in Alabama, it not appearing that the corporation has been dissolved, or otherwise incapacitated from bringing suit, the bill must aver that the officers of the corporation at and prior to the time of the filing of the bill, either negligently or willfully, or in obedience to a court having jurisdiction of their persons, refused to protect the corporate assets in this State ; and an amendment to the bill of such receiver, which omits these allegations, and merely avers that the officers refused to protect the corporate assets at the time of the filing of the amendment, is insufficient

APPEAL from the Chancery Court of Calhoun.
Heard before the Hon. S. K. McSPADDEN.

The bill in this case was filed by the appellant, C. H. Rogers, as receiver of the New South National Building & Loan Association, against the appellees ; and sought to enjoin the collection of several judgments recovered by the respondents against the New South National Building & Loan Asssociation, on the ground that said judgments were irregularly and illegally obtained, and that nothing was due respondents on the claims upon

which said judgments were founded.   It was alleged in said bill that the New South National Building & Loan Association, a corporation chartered under the laws of the State of Tennessee, had been declared insolvent by the chancery court of that State, and the complainant was appointed as receiver for the purpose of collecting its assets, and settling its debts, and had duly qualified as such receiver.   After the decree declaring the said Building & Loan Association insolvent, and the appointment of the complainant as receiver, the respondents who were at that time stockholders of said corporation, brought suit in a justice of the peace court in Calhoun county against the said New South National Building & Loan Association, and service of process was served upon one Vary, who was supposed to be the agent of the corporation residing in Birmingham.   The defendant to said suit failing to answer, the several plaintiffs recovered judgment by default against the said Building & Loan Association.   To enforce the said judgments the several plaintiffs sued out writs of garnishments against Annie S. Cruesoe, a stockholder in said company, to whom the company had made a loan, and who resided in Calhoun county.   It was further averred in said bill that no notice was ever given to the complainant of the pendency of said suits, nor were any notices given the corporation of which he was the receiver, except such as is alleged to have been given to the said Vary, who, the complainant alleged, was not at that time the agent of the corporation.   It was also averred in the said bill that the judgments were rendered on a day other than the return day of the process, and two weeks prior to the day of the trial as stated in the summons served on the said John Vary, without notice to the said corporation. The case, with the exception of amendments, is substantially the same as when before this court on a former appeal, reported in the 96 Ala. 586.   The amendment which was made to the bill since the decision of that case, is copied in the opinion.

To the bill as originally filed, the respondents demurred upon the following grounds:   1st. The bill shows that it is filed by the person who claims to be the receiver appointed by the court of the State of Tennessee, and who is, therefore, not entitled to sue in this State. The 2d, 3rd and 4th grounds are substantially the same

as the 1st. 5th. The bill shows on its face that it was filed by a foreign receiver, who claims to act under an appointment from the courts of Tennessee, for the purpose of enjoining and interfering with the vested or acquired rights of creditors who are residents of this State.

To the bill as amended the respondents demurred, among others, upon the following grounds : 5th. The said bill as amended does not show that at the time suit was brought the officers of said corporation, the New South National Building & Loan Association, either negligently or willfully, or in obedience to the orders of a court, having jurisdiction of their person, failed or refused to take the necessary measures to save the assets of said corporation in this State from spoliation. 6th. Said bill is without equity, because it shows that complainant had no right or authority to bring this suit. 7th. The dissolution of said corporation by order of the court made subsequent to the filing of said bill, would not authorize the complainant to maintain this suit, which was brought prior to dissolution.

Upon the submission of the cause, upon the demurrers, the chancellor rendered a decree sustaining the same. The complainant now prosecutes this appeal, and assigns as error this decree of the chancellor.

COOKE & COOKE, for appellants.—1. The facts averred in the bill and the amendment entitled the complainant, as receiver, to maintain the present suit.—*Rogers v. Haines*, 96 Ala. 586 ; *Boulware v. Davis*, 90 Ala. 207 ; *Ward v. Maryland*, 12 Wall. 418 ; *Robey v. Smith*, 30 N. E. Rep. 1093.

2. The complainant, as receiver, had no remedy at law against the judgments rendered against the said corporation in the justice court. As receiver, he could not interfere in said suits, or conduct an appeal, unless he had been made a party to the action.—Beach on Receiver, § 708 ; *Tracy v. Bank of Selma*, 37 N. Y. 523 ; *Hays v. Fire Ins. Co.*, 99 Pa. St. 621 ; *Cartwright v. Bamberger, Bloom & Co.*, 90 Ala. 408 ; *May v. Courtnay*, 47 Ala. 185.

3. Even had the complainant a remedy at law by appeal or *certiorari* to set aside these fictitious and fraudulent judgments, courts of equity will interfere and grant relief when it is affirmatively shown, as in this

[Rogers, Receiver, v. Haines *et al.*]

case, that the party complaining, without fault or neglect on his part, but by reason of the fraud, or the act of his adversary, he could not, at the time of the rendition of the judgment, present his cause of action or ground of defense, as the case may be, to the consideration of the court.—3 Brick. Dig., 347, § 230 ; *Rice v. Tobias*, 83 Ala. 349, 89 Ala. 214 ; *Stubbs v. Leavitt*, 30 Ala. 353 ; *Hair v. Lowe*, 19 Ala. 224 ; *Collier v. Falk*, 66 Ala. 223 ; 1 Smith's Lead. Cases, pp. 1014, 1023. Courts of equity will perpetually enjoin the collection of judgments at law, where it appears that the defendant was not served with process, and that he had a valid defense to the action, although the judgment might also be reversed on error, on account of a failure of the record to show the service of process.—*Robinson v. Reid*, 50 Ala. 69 ; *Rice v. Tobias*, 83 Ala. 349.

4. The respondents to the present bill, as members of the corporation of which the complainant was appointed receiver, are concluded by the proceedings of the chancery court of Tennessee, affecting the rights of such corporation, and are bound to respect the appointment of complainant as receiver of said corporation. They are estopped to deny the right of complainant, as such receiver, to the assets of said corporation.—*Canada So. R. R. Co. v. Gebhard*, 109 U. S. 527 ; *Falls v. U. S. S., L. & B. Co.*, 97 Ala. 417 ; *Semple v. Glenn*, 91 Ala. 245 ; *Williams v. Hintermeister*, 26 Fed. Rep. 889 ; 2 Beach on Priv. Corp., § 893. That complainant, as receiver, has a right to the money due by Mrs. Cruesoe is abundantly established by the cases of *Semple v. Glenn*, 91 Ala. 245, and *Lehman v. Glenn*, 87 Ala. 618.

S. D. G. BROTHERS and W. J. BROCK, *contra*.

McCLELLAN, J.—When this case was formerly here on appeal from an order dissolving the injunction it was said, Walker, J., delivering the opinion of the court : "The complainant's claim to recognition in the courts of this State for the purpose of protecting and collecting the assets of the corporation found here, must be rested upon the fact, not very clearly disclosed by the averments of the bill, that the officers of the corporation, either negligently or willfully, or in obedience to the orders of a court having jurisdiction of their persons, fail

[Rogers, Receiver, v. Haines *et al.*]

or refuse to take the necessary measures to save the assets in this State from waste or spoliation."—96 Ala. 586. Reaffirming this view, the rulings of the chancellor on demurrer to the bill now present the inquiry whether the bill as amended discloses such a failure or refusal on the part of the corporate officers to protect and collect the assets in this State of the corporation. The amendment in this regard, made since the case was here, is as follows: "Your orator further shows the officers and agents of said corporation have neglected to take any measures to protect and save the assets of said association from being subjected to the satisfaction of said fraudulent and unfounded claims of these defendants, and have negligently failed to take the necessary measures to save the assets of said association in the State of Alabama from waste and spoliation." Under Rule 42 of Chancery Practice (Code, p. 818) this amendment is to ''be considered as introduced in the bill from the time of its allowance,'' and it speaks as of and from that time and not with reference to the time of bill filed. So considered, and construing the averments of the amendment as unfavorably to the complainant as its terms will reasonably admit of, it does not aver that at and prior to the filing of the bill the officers and agents of the corporation had negligently failed to take the steps necessary to the conservation of the company's assets, so that at the time of instituting the suit the receiver had power and authority to sue by reason of the then existing negligence of the officers of the corporation; but only that at the time the amendment was made—long after the bill filed—such negligence had intervened as would have authorized this suit had it been cotemporaneous with the institution thereof, or would have authorized the suit at the time of the amendment. The bill as amended, in other words, fails to show the existence of a state of facts at the time it was filed, the averment of which was essential to the complainant's right to sue at all; and assignments of demurrer to the amended bill, numbered 5, 6 and 7 were, therefore, properly sustained. In the absence of such averment, a foreign receiver of a foreign corporation, it not appearing that the corporation had been dissolved or otherwise itself disabled to bring the suit, is without capacity to sue here for assets or for the protection of assets of the corporation; and hence assign-

[Home Protection of North Alabama v. Whidden.]

ments of demurrer numbered 1, 2, 3, 4, and 5 to the original bill were well taken.

The bill and the exhibits thereto show that the judgments sought to be enjoined were rendered before the day at which the defendant was summoned to appear and make defense to the several actions ; and it does not appear by said judgments that the fact of Vary's agency, he being the person upon whom service was made as the agent of the defendant corporation, was proved as an essential condition precedent to the rendition of judgment by default. This fact of rendition of judgment before the day set for the appearance of the defendant, and this omission to show by the judgments that proof of Vary's agency was made, appearing on the face of the papers in the justice court, the corporation itself had an adequate remedy at law for the alleged wrongs and injuries in the common law writ of *certiorari*. *Amer. Press Asso. v. Independent Publishing Co.*, 102 Ala. 475.

It would not necessarily follow from this, however, that a suit of this kind could not be brought by the receiver. It might be that the receiver, not being a party to those causes, would not be let in to prosecute that writ. He was not a party.

The decree of the chancellor sustaining the assignments of demurrer upon which submission was made must be affirmed.