# Rogers v. Haines, *et al.*

*Bill in Equity to enjoin Enforcement of a Judgment.*

1. *Injunction by receiver; when bill can be maintained to enjoin enforcement of a judgment.*—A receiver can, by bill in equity, enjoin the collection of a judgment rendered against the corporation of which he is the receiver, in a suit to which he was not a party; his remedy at law by motion to set aside and vacate the judgment, or by *certiorari*, not being plain, adequate and complete.

APPEAL from Chancery Court of Calhoun.

Heard before the Hon. G. C. ELLIS, special chancellor.

The original bill in this case was filed on the 25th day of

[Rogers v. Haines *et al.*]

November, 1891, and a temporary injunction issued as prayed for. The defendants answered the bill, and moved to dissolve the injunction, and from the decree of the chancellor dissolving the injunction, complainant appealed. On this appeal the ruling of the chancellor was sustained.—96 Ala. 586. The bill was afterwards amended by leave of the court, and to the bill, as amended, the defendants demurred upon the grounds that the complainant was the receiver appointed by a Tennessee court, and is, therefore, not entitled to sue in this State; and, that the bill, as amended, does not show that at the time suit was brought the officers of said corporation, the New South National Building and Loan Association, either negligently, or willfully, or in obedience to the orders of a court having jurisdiction of their persons, failed or refused to take the necessary measures to save the assets of said corporation in this State from spoliation. An appeal being taken from the chancellor's decree sustaining these demurrers, his ruling was affirmed.— 103 Ala. 198.

After the decision of the Supreme Court on the last appeal, the bill was again amended, and as thus amended presented the following case: C. H. Rogers, the complainant, was appointed receiver of the New South National Building and Loan Association, a corporation chartered and having its place of business in the State of Tennessee. After his appointment, and after the affairs of said corporation had been put in his charge and he had assumed control of its property and assets, the defendants to the bill brought suits against said corporation before a justice of the peace in Calhoun county, Alabama; and on the institution of said suits, said parties caused a writ of garnishment to be served upon one Annie S. Cruesoe, a resident of Calhoun county, and who was indebted to said corporation. The justice of the peace issued a summons in each of the suits brought by each of said parties, to the New South Building and Loan Association, summoning said corporation to appear before him on November 9, 1891, and make answer to the complaint filed by said parties. These summonses, directed "to any lawful officer of the State of Alabama," were sent by the justice issuing them to the sheriff of Jefferson county, who executed them by leaving copies of the summonses and complaints with one

John Vary; these services were made upon Vary as the agent of said corporation; but no notice was served upon the complainant of the pendency of said suits, nor did he have any information in reference thereto. At the time of the service of said summonses, Vary was not the agent of the said New South National Building and Loan Association, and was not representing said company; that the complainant was prevented from making any defense to said suits before the justice, because he was not a party to any of them, and received no notice of any of them. Notwithstanding the summonses commanded the defendants to appear on November 9, 1891, judgment by default was rendered against the defendant in each of said suits before the justice of the peace on October 26, 1891; and the New South National Building and Loan Association had, and still has, a good and valid defense to each of said suits, and that said claims so sought to be enforced are without merit, but that they were never given an opportunity to appear before the trial. The money due the corporation by the garnishee is a part of its assets, and defendants should be restrained from further prosecuting said suits, and enjoined from collecting said judgment.

The bill averred that "at and prior to the filing of the original bill in this cause, the officers of said New South National Building and Loan Association, in obedience to a court having jurisdiction of their persons, refused to take the necessary steps to protect the assets of said corporation in this State from waste and spoliation, but, if orator is mistaken in that said officers at that time were not restrained by a court having jurisdiction of their persons, and did have authority to act for said corporation, then he states and charges the fact to be that at and prior to the filing of his original bill in this cause, the officers of said corporation willfully and negligently failed and refused to take the necessary measures to save the assets of said corporation in the State of Alabama from waste and spoliation, and to protect the same from being subjected to the false and fraudulent claims of these defendants."

The prayer of the bill, as amended, was that the defendants be restrained and enjoined from further prosecuting said suits, or from issuing executions on the

judgments obtained by them, and from assigning said judgments so that they may be collected by others, and for general relief. To this amended bill the defendants demurred upon the following grounds: "1. For that said bill as amended shows that the complainant had a full, complete and adequate remedy at law for the wrongs and injuries complained of in said bill of complaint. 2. For that the said bill, as amended, shews that the complainant had a full, complete and adequate remedy at law by *certiorari*. 3. For that said bill as amended shows that the said judgments sought to be enjoined are void, and that the said complainant had a full, complete and adequate remedy at law by a motion to vacate said judgments." The defendants also moved the court to dismiss said bill, as amended, for the want of equity.

Upon the submission of the cause upon the demurrers and the motion, the court sustained the demurrers and the motion, and ordered the bill dismissed. From this decree the complainant appeals, and assigns the same as error.

Cooke & Cooke, for appellant.—The complainant, as receiver, could maintain the present bill. He had no remedy at law against the judgments rendered against the corporation in the justice court. He was not a party to the suits and could not intervene in them, nor conduct an appeal or *certiorari*.—*Ex parte Proskauer*, 59 Ala. 194; *Cartwright v. Bamberger*, 90 Ala. 408; *McAbee v. Parker*, 78 Ala. 573; *May v. Courtnay*, 47 Ala. 185; Beach on Receivers, § 708.

S. D. G. Brothers and W. J. Brock, *contra*.—1. The defendant corporation had a complete, full and adequate remedy at law by *certiorari*.—*Ind. Pub. Co. v. Amer. Press Asso.*, 102 Ala. 475; 1 High on Injunctions, § 230.

2. The complainant as receiver, had the right to *certiorari* the case, or to vacate the judgment on motion. Beach on Receivers, § 664.

The receiver had a right to become a party to the suit upon his motion to this effect in the law court, or he could have appealed the case or obtained a *certorari* of the case, in the name of the corporation, or in his own name.—Beach on Receivers, § § 707, 708, and authorities cited.

[Murphree v. Summerlin.]

McCLELLAN, J.—The receiver not having been a party to the actions against the corporation while they were pending, and not now, final judgments having passed, being a party to the records, so to speak, in the cases, his remedy at law to set aside and vacate the judgments therein rendered by motion or common law *certiorari* is not plain, adequate and complete. When this case was formerly here, we said that it would not necessarily follow from the invalidity of the judgments in question and the right of the corporation itself to vacate them on *certiorari*, that the receiver had such right and, therefore, could not maintain this bill, but that the receiver, not being a party to the actions, might not be let in to prosecute a *certiorari* to set aside the judgments. *Rogers v. Haines*, 103 Ala. 198, 203. In line with that suggestion, we now hold that he did not have such remedy at law as would preclude him to maintain a bill in equity to set aside said judgments.—*Whittlesey v. Delaney*, 73 N. Y. 571, 574; *Tracy v. First Nat. Bank*, 37 N. Y. 523.

The chancellor erred in sustaining the demurrer to the bill as amended and the motion to dismiss the bill. That decree is reversed, and a decree will be here entered overruling the demurrer, and also overruling the motion to dismiss for want of equity.

Reversed and rendered.