# Bostick *v.* Jacobs, *et al.*

*Bill in Equity to compel the Application of Proceeds of Mortgage Sale.*

1. *Equity pleading and practice; decree upon bill and answer.*—
   Where in an .equity suit, no testimony is taken, and the cause
   is submitted alone upon the bill and answer thereto, and the
   answer admits the averments of the bill as to one character
   of relief ·asked, and denies the averments of such bill in other
   respects, a decree granting the relief applicable to the aver-
   ments of the bill which were admitted in the answer is proper;
   the averments in the bill other than those admitted by the
   answer being unsupported by any evidence.

APPEAL from the Chancery Court of Jackson.

Heard before the Hon. W. H. SIMPSON.

The bill in this case was filed by the appellant, F. A. Bostick, against the appellees. The averments of the bill are the same as they were when the case was in this court on a former appeal, and a special reference is here made to the statement of facts, as shown in the report of said case in 133 Ala. 344.

The amount of judgment rendered against the complainant upon the notes was $1,738.72, and not $7,-738.72, as set forth in the former statement of facts.

After the rendition of the decree on the former ap-peal, the complainant amended the prayer of his bill by adding thereto a prayer that the "proceeds of the mort-gage sale, to-wit, $1,600.00, be applied pro rata to the two notes signed by him as surety, and the other two notes herein described."

The respondents filed an answer, the substance of which is sufficiently shown in the opinion. There was no evidence introduced, and the cause was submitted for final hearing upon the original bill and amendment thereto, and the answer of the defendants. On this submission, the chancellor decreed that the complain-ant was entitled to the relief prayed for in the amended

prayer of the bill, and that he had a right to have the proceeds of the sale of the property applied in just proportion to the discharge for that portion of the debt for which he was bound, and ordered accordingly.

From this decree the complainant appeals, and assigns the rendition thereof as error.

F. A. Bostick, for appellant.—Cited *White v. Life Association*, 63 Ala. 419; *Knight v. Curry*, 62 Ala. 404; *Henderson v. Huey*, 45 Ala. 275; *Cullom v. Emanuel*, 1 Ala. 29; Brandt on Suretyship, § 426 (2d ed.)

J. B. Tally and Virgil Bouldin, *contra.*—Cited *Bostick v. Jacobs*, 133 Ala. 344.

DOWDELL, J.—This is the second appeal in this cause. *Bostick v. Jacobs*, 133 Ala. 344. The present appeal is taken from a final decree rendered on a submission upon the bill and answer. The alternative prayer of the bill as amended prayed for a *pro rata* application of the proceeds of the sale of the land under the foreclosure of the mortgage, to the two notes upon which the complainant was a surety. The answer admits the averments of the bill applicable to the theory of relief asked for in the alternative prayer, and the respondents concede that the complainant is entitled to a *pro rata* application of the proceeds of the sale under the foreclosure of the mortgage; but it denies the statement of facts, upon which the prayer of the bill for an application of the entire proceeds of the sale to the two notes on which the complainant was a surety is based. No testimony was taken, and the cause being heard alone upon the bill and answer, the averments in the bill other than those admitted by the answer, are unsupported by any evidence. The decree of the chancellor was in accordance with the principle stated on the former appeal, and it must therefore be affirmed.

Affirmed.

McClellan, C. J., Haralson and Denson, J.J., concurring.