# Durr, *et al. v.* Hanover National Bank, *et al.*

## *Bill to Foreclose Mortgage.*

(Decided July 5, 1910.    Rehearing denied Dec. 22, 1910.
53 South. 1012.)

1. *Equity; Pleading; Multifariousness.*—Pending a bill to foreclose a mortgage the parties entered into an agreement by which the respondents were to execute a deed to a trustee for complainant, to the property mortgaged, the deed to be deposited in escrow to be delivered to complainant in payment of the mortgage, should the respondents fail to pay the amount agreed upon by a named date, in which event, complainants were to be entitled to a decree of strict foreclosure; it being further agreed that should the respondent pay the amount of the mortgage debt by the time stipulated, the bill should be dismissed and the mortgage and notes surrendered. Respondents failed to make the payment and complainants filed an amended bill setting up the agreement and the default, and praying that the agreement be carried out, and a decree of strict foreclosure entered, or if not entitled to that relief, that the mortgage should be foreclosed as prayed in the original bill. Held, that under the provisions of section 3095, Code 1907, the amended bill was not demurrable for multifariousness.

2. *Same; Amendment.*—Pending a bill to foreclose a mortgage the interest of one of the complainants was transferred, and thereafter the respondents agreed with the transferee, and the other complainants to execute a deed to the property mortgaged to a trustee for

complainant, and deposit the same in escrow to be delivered to complainant upon the failure of respondents to pay an amount agreed upon at a stipulated time, with the further agreement that should the payments be made as agreed, the suit should be dismissed and the notes and mortgages delivered up, but if default should be made, complainant should be entitled to have a decree of strict foreclosure. The respondents failed to make the payment. Held, the court had the power to enforce the agreement under an amended or supplemental bill.

APPEAL from Shelby Chancery Court.

Heard before Hon. W. W. WHITESIDE.

Bill by Hanover National Bank and others against John W. Durr and others. Decree for complainants, and respondents appeal. Affirmed.

The original bill was filed for the foreclosure of a mortgage by sale. While the suit was pending the interest of one of the complainants was transferred to Meyer L. Greil, and thereafter he and the other complainants entered into a written agreement for an adjustment of the matters involved. By the terms of this agreement the respondent Durr was to execute to a trustee for the benefit of the complainants a deed to the property mortgaged, which deed was to be deposited with the president of the New Farley National Bank in escrow, to be delivered to complainants in payment of the mortgage in suit in the event Durr should fail to pay the amount to be paid by him on the 1st day of March, 1908, in which event complainants were entitled to have a decree for the strict foreclosure of said mortgage. It was further agreed that, if defendant should pay the amount of said mortgage indebtedness by the time stipulated, the suit should be dismissed, and the mortgage notes surrendered and canceled. Having failed to make the payment stipulated, the complainants, on the 29th day of March, 1909, filed an amended bill, setting up the transfer of the interest to Greil, the execution of the agreement mentioned above, the default of the defendant, and the consequent accrual of the right

of the complainants thereunder, and praying that the agreement be carried out by the court, and a decree of strict foreclosure entered, or, in the event the court should hold that they were not entitled to have the agreement carried out, that the mortgage should be foreclosed by sale, as prayed for in the original bill.

J. M. CHILTON, for appellant. Counsel for appellant insists that section 3095, Code 1907, instead of granting the right to amend the bill in particulars here sought, absolutely negatives such right. That the original complainant transferred any interest they had in the subject matter to another, that such other and the respondent entered into an agreement to which the original complainants were not parties, and that hence, any rights under the substituted agreements could only be enforced by an independent petition or bill, and that hence, the filing of the supplemental bill or amendment rendered the whole bill subject to demurrer for multifariousness. On the principle that each alternate aspect of a bill must entitle complainants to relief or the bill is bad.—*Lehman v. Meyer,* 67 Ala. 403; *Micou v. Ashurst,* 55 Ala. 607; *Meyer v. Bromberg,* 74 Ala. 528; *Gordon v. Ross,* 63 Ala. 363; *Moog v. Talcott,* 72 Ala. 210; *Globe I. R. & C. Co. v. Thatcher,* 87 Ala. 485; 69 Ala. 476; 70 Ala. 318, 460; 75 Ala. 207; Id. 363; 76 Ala. 149; 62 Ala. 550; 67 Ala. 588. Another objection to the bill is that it seeks to be based on facts not existing at the date of the filing of the bill. It is a settled principle that events occuring after the filing of the bill cannot give it equity or add to an imperfect cause.— *Vaughan v. Vaughan,* 29 Ala. 329; *Hill v. Hill,* 10 Ala. 527; *Walker v. Hallett,* 1 Ala. 379; 3 Mayf. 317.

STEINER, CRUM & WEIL, and HORACE STRINGFELLOW, for appellee. Agreements for the disposition of pending

causes are required to be in writing or made in open court.—Beach on Eq. Pr. Sec. 566. They are favored by the courts.—73 Tex. 447, and authorities supra. When made, they may be incorporated in the submission and be enforced.—*Foster v. Foster,* 126 Ala. 262; *Sewell v. Hoffman,* 157 Ala. 196. Under rule 45 Ch. Pr. the new facts arising were properly introduced by way of amendment or supplemental bill. Greil became the beneficial holder and owner of the notes, the legal title being in the original complaint, and there is no reasons why provisions of section 3095, Code 1907, are not applicable to this case.—Sec. 3212, Code 1907; *Hayes v. Bowdoin,* 49 So. 122.

ANDERSON, J.—The amended bill is in the alternative, and it may seek inconsistent relief; but it relates to the same subject-matter, and section 3095 of the Code of 1907 would be meaningless if it did not apply to a case like the present one. Said section reads as follows: "Multifariousness.—Unless taken by demurrer, objection to a bill because of multifariousness must not be entertained. A bill is not multifarious which seeks alternative or inconsistent relief growing out of the same subject-matter or founded on the same contract or transaction, or relating to the same property between the same parties." This statute is a radical innovation on equity pleading, and may lead to no little embarrassment and confusion in the rendition of decrees under bills seeking inconsistent alternative relief, especially where there is a decree pro confesso. But it is in the Code, is in plain and unambiguous language, and we cannot amend or repeal same, but must follow it in passing upon a demurrer to a bill.

The bill, however, in the case at bar, is so worded or framed—that is, the prayer of same—that it primarily

seeks an enforcement of the agreement, which in effect satisfies and merges the mortgage into the deed, and the alternative relief of a foreclosure is only asked in the event the chancery court should ascertain that the agreement is not binding or cannot be enforced. Under the prayer of the amended bill, the relief sought is, first, the enforcement of the agreement, and a foreclosure of the mortgage is sought only in case the agreement cannot be enforced. If the agreement can be enforced, there will be no need for a strict foreclosure of the mortgage; and if the agreement was not made, or is nonenforceable, then the mortgage is in full force and effect, and can be foreclosed. The complainants elect to enforce the agreement, and are only entitled to the alternative relief in case they fail to establish and enforce the said agreement.

The subject-matter of each alternative of the amended bill is the same, and it matters not that Meyer Greil, the beneficial owner, in part, of the debt, was not a party to the original bill. It is also probable that much confusion can be avoided as to section 3095 by the frame of the prayer for alternative relief, as was done in the present case. Moreover, independent of the statute above considered, the agreement was made while the cause was pending, related thereto, and the chancery court had the inherent power to enforce same by an amendment, supplemental bill, or perhaps in other ways.

The decree of the chancery court is affirmed.

Affirmed.

McCLELLAN, MAYFIELD, SAYRE, and EVANS, JJ., concur.