(81 South. 676)

LOWERY et ux. v. GREEN, Superintendent of Banks. (5 Div. 714.)

(Supreme Court of Alabama. May 1, 1919.)

EQUITY ⊙⟞148(3) — PLEADING — MULTIFARIOUSNESS.

Under Code 1907, § 3095, a bill seeking to have a conveyance declared a general assignment for the benefit of creditors, and, in the alternative, to have the same annulled as fraudulent and void, is not subject to the objection of multifariousness.

Appeal from Circuit Court, in Equity, Chilton County; Leon McCord, Judge.

Bill by D. F. Green, as Superintendent of Banks, against W. R. Lowery and wife. From a decree overruling a demurrer to the bill, defendants appeal. Affirmed.

The affairs of the Union State Bank, a corporation in Chilton county, Ala., are in the hands of the superintendent of banks of this state for liquidation, as provided by statute, and the court has taken jurisdiction of the administration of said trust. Said bank was a creditor of W. R. Lowery on April 25, 1914 (subsequently reduced to judgment by the superintendent of banks); and on April 25th W. R. Lowery conveyed to his wife, Arena Lowery, certain real estate described in Exhibit C to the original bill.

The bill in this cause was filed by the superintendent of banks against W. R. Lowery and his wife, and, as amended, seeks to have said conveyances declared a general assignment for the benefit of creditors, and, if mistaken in this relief, in the alternative, to have the same declared fraudulent and void as against creditors and canceled by the court.

The respondents demurred to the bill upon the ground of multifariousness. The demurrer was overruled, and from this decree this appeal is prosecuted.

---

⊙⟞For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes

J. Osmond Middleton, of Mobile, for appellants.

Lawrence F. Gerald, of Clanton, for appellee.

GARDNER, J. Counsel for appellant insist that the bill as amended is multifarious, in that it seeks to have the conveyance here assailed declared a general assignment for the benefit of creditors, and in the alternative to have the same annulled as fraudulent and void. This is the only question presented upon this appeal.

The authorities relied upon antedate the adoption of the Code of 1907. It is now well settled by our decisions that, under the influence of section 3095 of the Code of 1907, such a bill is not subject to the objection of multifariousness. Smith v. Young, 173 Ala. 190, 55 South. 425; D. W. Baker et al. v. Gate City Coffin Co. (present term) 203 Ala. 6, 81 South. 674.

The decree of the court below will be here affirmed.

Affirmed.

ANDERSON, C. J., and McCLELLAN and SAYRE, JJ., concur.