(87 South. 164)

NORVILLE et al. v. SEEBERG.
(1 Div. 160.)

(Supreme Court of Alabama.  Dec. 16, 1920.)

1. **Appeal and error** ⊕⇒1097(1)—Court will not depart from well considered ruling on former appeal.

Ruling of Supreme Court on former appeal, where well considered, will not be departed from on subsequent appeal under Code 1907, § 5965.

2. **Equity** ⊕⇒232—Grounds of demurrer directed to bill as a whole properly overruled where bill is good in part.

Where grounds of demurrer to bill seeking redemption and also to quiet title were addressed to the bill as a whole, and not limited to that part seeking to quiet title, they were properly overruled where the bill was good in so far as it related to redemption, though not good as to quieting title.

3. **Equity** ⊕⇒232—Demurrer good as to statutory redemption, but bad as to equitable redemption, properly overruled.

Bill seeking redemption which was good as to the equitable redemption sought was good as against a demurrer directed to the whole redemption phase of the bill, though bill was insufficient as to the statutory right of redemption under Code 1907, § 5748.

4. **Mortgages** ⊕⇒591(1)—Statutory right of redemption nonexistent until equity of redemption is extinguished.

The statutory right of redemption is nonexistent until the equity of redemption is extinguished.

5. **Equity** ⊕⇒148(3)—Bill to quiet title and to redeem held not multifarious.

Where owner executed a power of attorney to convey his land for the purpose of paying his debt on creditor's request, and where the power was exercised after the debt had been paid, his bill, in suit against the purchaser, seeking to quiet title and also to redeem from sale to such purchaser, was not subject to demurrer for being multifarious, under Code, § 3095, providing that a bill is not multifarious which seeks alternative or inconsistent relief growing out of the same subject-matter or founded on the same contract or transaction or relating to the same property between the same parties.

6. **Principal and agent** ⊕⇒37—Power of attorney held subject to revocation or extinguishment.

Power of attorney executed by debtor to convey his property for the payment of his debt on creditor's request, though declared therein to be irrevocable, was subject to revocation or extinguishment.

7. **Principal and agent** ⊕⇒188—Creditor and donee of power not necessary parties in donor's action to quiet title and to redeem from sale by donee.

Where owner executed a power of attorney to convey land for the purpose of paying his debt on the written request of creditor, and where the power was executed after the debt had been paid, owner's bill against purchaser seeking to quiet title and to redeem from such sale was not demurrable for failure to make the creditor or donee of power parties defendant.

8. **Equity** ⊕⇒275—Amendments related back to the filing of the original bill.

Amendments to bill related back to the filing of the original bill.

9. **Equity** ⊕⇒271—Bill may be amended prior to rendition of final decree.

Under Code, § 3126, the time limit as to the right of amendment of bill extends to the rendition of the final decree.

Appeal from Circuit Court, Mobile County; Claude A. Grayson, Judge.

Bill by Rolf Seeberg against Peyton Norville and others. From a decree overruling demurrers to the bill as last amended, respondents appeal. Affirmed.

See, also, 204 Ala. 20, 85 South. 505.

The bill as amended shows, in substance, that in June, 1912, the complainant was seized and possessed of certain real estate situated in Mobile county, which is therein described; that on said date said complainant, intending to depart from Mobile, executed to John B. Mitchell, of that city, a power of attorney, which is made Exhibit A to the bill, duly executed and acknowledged by complainant and his wife, and which contained the following provision, among others:

"Do hereby constitute and appoint John B. Mitchell, Esq., of Mobile, Ala., our irrevocable attorney in fact, with full power and authority, in our names and behalf, to bargain, sell, trans-

fer, and convey, to any person or corporation whatever, and for such sum as he may obtain therefor, the following described lands situated in the city and county of Mobile: [Here follows a definite description of the land.] * * * And the title purporting to be conveyed by our said attorney in fact the said Rolf Seeberg does hereby fully warrant and will defend against all lawful claims: Provided, however, that no conveyance shall be executed by our said attorney in fact without a written request to him from said N. A. Andresen & Co. of Christiana, Norway, to such effect."

It is further provided that the expenses of sale, including attorney's fee, payment of taxes, etc., shall be first paid out of the proceeds of sale, and the balance thereof shall be paid to said N. A. Andresen & Co., to whom complainant was indebted in a sum in excess of the value of the property.

The bill further charges that, notwithstanding the provisions of the power of attorney authorizing the agent to sell the property "for such sum as he may obtain therefor," it was yet the duty of said agent to use ordinary care and diligence, and not to sacrifice the property by selling it for a price greatly disproportionate to its fair and reasonable market value at the time, and that respondents were each affected with notice of said power of attorney and its contents at the time of the purchase in question; that the property was assessed for valuation from 1912 to 1918 for $750, but subsequently it was assessed at a valuation of $2,400, and that the value of the property was much in excess of said latter sum; that respondent Norville was familiar with real estate values in Mobile county, and was aware that the property was then reasonably worth on the Mobile market in excess of $2,400, for which it was assessed, and that said Norville had read the contents of the power of attorney before the date of sale; that on February 19, 1918, said Norville agreed with said Mitchell to purchase the property for a cash consideration of $600, and to take a deed executed in compliance with said power of attorney; that such sale was consummated, and the deed executed in compliance therewith, a copy of which is made an exhibit to the bill.

The deed shows its execution in strict compliance with the power of attorney, and a warranty of title as to the property conveyed, with certain exceptions, not necessary here to mention, and recites the execution of the written consent of N. A. Andresen & Co. and that said power of attorney and written request have been duly recorded.

The bill alleges that complainant had repudiated said deed, and notified said Mitchell and respondents to that effect.

On February 20, 1918, it is charged that respondent Norville executed to respondent Mrs. Kelly a mortgage upon the property to secure a loan of $500, and that she knew said loan was for the purpose of paying this purchase price, and that she knew, as did respondent Norville, that $600 was a sacrifice price for the property.

The bill further avers that the lands were sold at an unconscionable price by said agent, and that the respondents knew of this sacrifice. Complainant alleges that on its face the power of attorney operated in such a way that, even if a sale were made under it, complainant would not be authorized to redeem the property sold, but that it would be gone irrevocably without the right of redemption, and that complainant's agent and Norville knew that.

Complainant alleges that the intention of the language used in said power of attorney was that it was not to be a revocable or defeasible title that should pass to the purchaser under said power of attorney when a deed made thereunder by said agent, but that such deed should pass irrevocably and indefeasibly all of complainant's right, title, or interest in said lands.

Complainant avers that the language of the power imposed a trust and confidence upon the agent under said power that he would not sell said property at a gross and unconscionable sacrifice, and that the agent knew that the price of $600 was an unconscionable sacrifice of said property.

Complainant avers that said agent, Mitchell, intentionally made a gross sacrifice of said property in violation of his fiduciary relationship, and that Peyton Norville, knowing that the agent was making a sacrifice, agreed to buy the property at said sacrifice. If he be mistaken in alleging that the power of attorney to John E. Mitchell was such that its execution would pass title irrevocably away from complainant, and mistaken in his allegations as to the nonredeemability of the land, then he alleges further that, while indebted to said N. A. Andresen & Co. as before stated, he turned over to them large timber interests of his in Norway for the benefit of N. A. Andresen & Co. by way of security for the satisfaction of such of their indebtedness, and that the transaction of making said power of attorney to the said John E. Mitchell, was mutually intended between the said N. A. Andresen & Co. and the complainant as further security for the purpose of satisfaction of their indebtedness. The agent Mitchell, took said instrument with its specified powers as a partial security for the satisfaction of said indebtedness to N. A. Andresen & Co. for the purpose of raising a fund and paying over the net proceeds to the said N. A. Andresen & Co. on account of their indebtedness, and complainant executed said power of attorney about the time of turning over the said timber interests in Norway, and the giving of the foreign and domestic securities formed but parts of one matter securing the indebtedness to the said N. A. Andresen & Co.

Complainant shows that on January 8, 1919, he, by his attorney, D. B. Cobbs, made demand by letter on the defendant Norville asking him to submit to a redemption and to furnish an itemized statement showing the sum due to effectuate such redemption, but that the defendant refused to submit to such redemption claiming that complainant had no right of redemption.

Upon written request recorded in Miscellaneous Book 10, page 415, and referred to in the deed from Mitchell to Norville (see last paragraph of deed, page 9 of transcript) a deed was executed under the said power of attorney, and complainant seeks to redeem the property from said sale.

Complainant further alleges that he is in the peaceable possession of the lands hereinbefore described claiming to own, and does own, the same in his own right. The defendants deny and dispute the complainant's title thereto, and claim the same, or some interest therein, or some lien or incumbrance thereon, but no suit (other than this suit) is pending to enforce or test the validity of such claim of title or incumbrance made or asserted on their part. Complainant therefore calls upon them to set forth and specify what right or title they claim to and what lien or incumbrance they claim upon the said land or each part thereof, and how and by what instrument the same is created or derived.

Complainant prays the court to adjudicate and settle all doubts or disputes concerning the title of defendants, and their claims of title to and of incumbrance on the said lands above described, and to decree that they have none, and to quiet and adjudge the title, etc., as against them.

Complainant prays that the court set aside the deed to Norville and the mortgage to Kelly, and that the respondents be held as trustees for the complainant holding the property as such trustees.

Complainant prays for general relief.

Gaillard, Mahorner & Arnold, of Mobile, for appellants.

All pleading in a suit must primarily relate to the time when the action was commenced, and must be based on facts and cause of action as they then existed. 32 Kan. 528, 4 Pac. 1013; 96 N. C. 416, 2 S. E. 51. As a general rule amendment cannot allege facts that have arisen since the cause of action, where none existed before. 103 N. C. 46, 9 S. E. 138; (Sup.) 57 N. Y. Supp. 404; 130 Cal. 105, 62 Pac. 293. An amendment cannot set up or allege facts that have arisen since the commencement of the cause of action, so as to set up a new cause of action which has accrued since the action was begun. 47 Ala. 390; 74 Ala. 170; 59 Ala. 271; 68 Ala. 407; 11 Ala. 257; section 5748, Code 1907, as amended by Acts 1911, p. 391. The bill is multifarious. 9 Mich. 45. There was an absence of proper parties respondent. 74 Ala. 344; 2 Ala. 209; 188 Ill. 322, 58 N. E. 919; 113 Wis. 346, 89 N. W. 156; 68 Ala. 117.

D. B. Cobbs, of Mobile, for appellee.

The former rulings of this court is the law in this case, so far as the original grounds of demurrer are concerned. 168 Ala. 638, 53 South. 162; 71 Ala. 271; 194 Ala. 152, 69 South. 518. The demurrer goes to the bill as a whole and was therefore properly overruled. 191 Ala. 135, 67 South. 591. Demurrers A and B were properly overruled. Section 5748, Code 1907, as amended by Acts 1911, p. 391. The bill is not multifarious. Section 3095, Code 1907.

THOMAS, J. Several phases of this case were before the court, on appeal from a decree sustaining demurrer to the bill, in Seeberg v. Norville, 202 Ala. 417, 80 South. 621. And on the second appeal it was held that the power of attorney to convey land for the payment of a debt was extinguished by the accomplishment of its purpose, the payment of the debt before the exercise of the power; that, if the power is sought to be exercised by the agent after the debtor had paid the debt "and been continuously in possession of the land as owner, the purchaser (who paid only one-seventh of its real value) * * * was not a bona fide purchaser"; was put "on inquiry as to whether debt had been paid"; that, where debtor executed power to third person to convey land on written request of creditor for purpose of paying debt, it was necessary, under Code 1907, § 3434, that creditor join in conveyance, or certify his consent thereon, "such power not being a simple power of attorney, and therefore not within the exception made by section 3440." The bill, as amended, to quiet title and to compel the determination of claims to land under Code, § 5443 et seq., held not subject to the general demurrer for want of equity, and that respondent was "put to the more specific demurrer." Seeberg v. Norville, 204 Ala. 20, 23, 85 South. 505, 508.

Complying with this intimation, that the amended bill was subject to specific demurrer, complainant again amended (January 31, 1920), averring that he "is in the peaceable possession of said land hereinbefore described, claiming to own, and does own, the same in his own right," that the defendants deny and dispute complainant's title thereto, claim to same or interest therein, lien or incumbrance thereon, that "no suit (other than this suit) is pending to enforce or test the validity of such claim of title or incumbrance made or asserted on their part," and "calls upon" respondents to set forth and specify what right or title they claim to and what lien or incumbrance they claim upon said land and each part thereof, and how and by

what instrument or means the same is created or derived. S.-S. S. & I. Co. v. Yancey, 201 Ala. 200, 77 South. 726; Davis v. Daniels, 85 South. 797;[1] Carr v. Moore, 203 Ala. 223, 82 South. 473; Gill v. More, 200 Ala. 511, 517, 76 South. 453. The prayer of the bill for general and specific relief was further amended to the effect that the court "adjudicate and settle all doubts or disputes concerning the title of defendants, and their claims of title to and of incumbrance on said land above described, and to decree that they have none, and to quiet and adjudge the title, etc., as against them."

[1] The former ruling of this court as to grounds of demurrer theretofore and now assigned was well considered (Seeberg v. Norville, 85 South. 508[2]), and we have no desire to depart from the same. Code 1907, § 5965; Burgess v. Burgess, 201 Ala. 631, 632, 79 South. 193; C. of Ga. v. Chambers, 194 Ala. 152, 154, 69 South. 518; Ala. Consol. C. & I. Co. v. Heald, 168 Ala. 626, 53 South. 162; s. c., 171 Ala. 263, 271, 55 South. 181; Mann v. Darden, 171 Ala. 142, 54 South. 504; L. & N. v. W. U. T. Co., 195 Ala. 124, 126, 71 South. 118, Ann. Cas. 1917B, 696; W. U. T. Co. v. S. & N. Ala. R. Co., 184 Ala. 66, 62 South. 788; W. U. T. Co. v. L. & N., 199 Ala. 702, 74 South. 1006; Moulton v. Reid, 54 Ala. 320. See, also, Bostick v. Jacobs, 141 Ala. 598, 37 South. 629; Meyer v. Johnston, 64 Ala. 603.

[2] The grounds of demurrer dealt with on former appeal are now addressed to the bill as a whole, and, not being limited to that phase, as one to quiet title under the statute, were properly overruled. Saunders v. McDonough, 191 Ala. 119, 135, 67 South. 591; McDonough v. Saunders, 201 Ala. 321, 78 South. 160.

[3, 4] We then consider the sufficiency of the bill as last amended as challenged by grounds of demurrer (as declared therein to be) directed to that "phase of the bill seeking redemption": (a) That the alleged written demand for a statement in writing of the items on which to make tender for redemption was not served before the filing of the bill "as required by section 5748 of Code, 1907"; (b) that it affirmatively appeared that complainant's demand in writing for a statement of the debt, with all lawful charges against said land claimed by defendants, was made upon defendants after the bill was filed. Such demurrer, being directed to the whole redemption phase of the bill, equitable as well as statutory, being bad as to the equitable redemption sought, was properly overruled. It is averred that plaintiff was ready and willing and offered to pay all amounts that the court might find just and proper as "lawful charges" on the land. Of necessity, the statutory right of redemption is nonex-

istent until the equity of redemption is extinguished. Randolph v. Bradford, 86 South. 39.[3] See, also, Brannan v. Adams, 202 Ala. 442, 80 South. 826; Ivy v. Hood, 202 Ala. 121, 128, 79 South. 587; Beatty v. Brown, 101 Ala. 695, 14 South. 368.

The "redemption amendment" was made within two years after the attempted execution of the deed under the power of attorney and in ample time for an equitable redemption (Coleman v. Coleman, 173 Ala. 282, 289, 55 South. 827; Savage v. Bradley, 149 Ala. 169, 173, 43 South. 20, 123 Am. St. Rep. 30), if, in equity, any sum thereunder be found to be just and due by complainant to any of respondents. However, the respondent mortgagee was chargeable with notice of the limitations and equities contained in his chain of title. Veitch v. Woodward Iron Co., 200 Ala. 358, 76 South. 124; Seeberg v. Norville, 85 South. 505;[4] First Nat. Bank v. McIntosh, 201 Ala. 649, 653, 79 South. 121, L. R. A. 1918F, 353.

[5] A bill is not multifarious which seeks alternative or inconsistent relief growing out of the same subject-matter or founded on the same contract or transaction, or relating to the same property between the same parties. As the bill was last amended, it pertains to the same subject-matter founded on the same contract or transaction, relating to the title to the same property, and between the respective parties at interest. It was not subject to demurrer for being multifarious. Code, § 3095; Webb v. Butler, 192 Ala. 287, 68 South. 369, Ann. Cas. 1916D, 815; Belleview Cemetery Co. v. Faulks, 198 Ala. 579, 73 South. 927; Mathews v. Carroll Merc. Co., 195 Ala. 501, 70 South. 143; Wheat v. Wheat, 190 Ala. 461, 466, 67 South. 417; Manegold v. Beavan, 189 Ala. 241, 66 South. 448; Kant v. A., B. & A. R. Co., 189 Ala. 48, 66 South. 598; Ford v. Borders, 200 Ala. 70, 75 South. 398; Macke v. Macke, 200 Ala. 260, 76 South. 26; Hard v. Am. Tr. & Sav. Bank, 200 Ala. 264, 76 South. 30; Gill v. More, supra; Barrington v. Barrington, 201 Ala. 185, 77 South. 711; Woodley v. Woodley, 201 Ala. 662, 79 South. 134; Durr v. Hanover Nat. Bank, 170 Ala. 260, 53 South. 1012; Magnolia Land Co. v. Malone Inv. Co., 202 Ala. 157, 79 South. 641; Lowery v. Green, Supt., 203 Ala. 8, 81 South. 676; Birmingham Tr. & Sav. Co. v. Cannon, 204 Ala. 336, 85 South. 768.

[6, 7] When all of its terms are considered, the power of attorney declared therein to be irrevocable was subject to revocation or extinguishment. Seeberg v. Norville, 85 South. 505.[4] The attorney in fact, against whom no relief is sought, and the beneficiary under the power were not necessary parties; and the demurrer for not making Jno. E. Mitchell and N. A. Andresen & Co. parties defend-

---

[1] 204 Ala. 374.  [2] 204 Ala. 20.  [3] 204 Ala. 378.  [4] 204 Ala. 20.

ant is unavailing. Wootten v. Vaughn, 202 Ala. 684, 81 South. 660; Whiteman v. Taber, 203 Ala. 496, 83 South. 595.

[8, 9] The several amendments, as pointed out in the second decision in instant case, relate back to the filing of the original bill. Adams v. Phillips, 75 Ala. 461; Ala. T. & I. Co. v. Hall, 152 Ala. 262, 44 South. 592; Rogers v. Haines, 103 Ala. 198, 15 South. 606; Sims, Ch. Pr. §§ 339, 357. However, the time limit as to the right of amendment extends to the rendition of final decree. Code, § 3126; Kirby v. Puckett, 199 Ala. 594, 75 South. 6; Barrington v. Barrington, supra; Smith v. Lambert, 196 Ala. 269, 72 South. 118.

The decree of the circuit court in equity is affirmed.

Affirmed.

ANDERSON, C. J., and McCLELLAN and SOMERVILLE, JJ., concur.