(94 South. 353)

ESKRIDGE v. BROWN et al. (2 Div. 802.)

(Supreme Court of Alabama. Oct. 12, 1922.)

1. Equity ⬉152—Recorded conveyance referred to by bill need not be set out in hæc verba.

Where a bill to annul a former decree recited that conveyances were recorded, which record "is hereby referred to and * * * made a part of this bill," they were sufficiently averred; it not being required to set them out in hæc verba.

2. Equity ⬉148(6)—Bill seeking relief from two fraudulent conveyances between parties not multifarious.

Seeking relief for same cause from two or more conveyances or fraudulent transactions between the same parties as to lands described in the bill does not render the bill multifarious where the averments and prayer of the bill were not duplex, but sufficient and appropriate to a singleness of object and purpose.

3. Judgment ⬉443(1)—Fraud, to vitiate judgment, must be in act of obtaining it.

Fraud in the procurement of a judgment, to be vitiating, must be in the very act of obtaining it or in its concoction, and hence must be extrinsic or collateral to the matter or question which was tried and determined by the judgment in question and so challenged.

4. Judgment ⬉443(1)—Alleged fraud in procurement of judgment held not to allege extrinsic fact, but mistake in judgment.

Where it was alleged in a bill that complainant was induced through undue influence of respondent to make a conveyance to respondent, and that thereafter complainant filed his bill to cancel the conveyance, and that after filing the bill complainant, through instigation of friends of respondent, was induced to agree that a certain decree be made and entered, and that he was induced to agree to the decree and to part with his property by reason of extreme age and false and fraudulent representations of respondent, extrinsic fraud was not alleged, but only a mistake of judgment averred to have been entertained or acquiesced in by complainant causing him to consent to or permit the former decree, and the bill was subject to demurrer.

Appeal from Circuit Court, Marengo County; R. I. Jones, Judge.

Bill by Nat A. Eskridge against B. C. Brown, Dora Johnson, and Mittie Lane to annul a former decree. From a decree sustaining demurrers, complainant appeals. Affirmed.

The bill alleges that complainant is aged and infirm; that he was induced through the undue influence of respondent B. C. Brown, nephew of complainant, to execute a conveyance to said Brown to the property described in the bill, for a consideration of $1 in cash, the payment of $400 per annum during the life of complainant, and the payment of other sums described in the conveyance to respondents Johnson and Lane after the death of complainant. The bill recites that—

"Said conveyance is recorded in the office of the judge of probate of Marengo county, Ala., in Deed Book, volume TT, page 253 et seq., and which said conveyance is hereby referred to and with leave of the court made a part of this bill of complaint, the same as though it was here set forth in full, and with leave of reference thereto as often as may be necessary."

It is further alleged in the bill that thereafter complainant filed his bill of complaint in the circuit court of Marengo county, praying that said conveyance be set aside and canceled; that after filing the bill complainant, through the instigation of friends of respondent Brown, and in disregard of the advice of his attorney, was induced to agree that a certain decree be made and entered in said cause, "which said decree was rendered in said court on the 27th day of June, 1919, and which said decree is hereby referred to and with leave of the court made a part of this bill of complaint, the same as though it was herein set forth in full and

with leave of reference thereto as often as may be necessary." It is alleged that complainant was induced to agree to said decree, and to part with his property, by reason of the infirmities of his extreme age, the annoyance and harassment of the friends and emissaries of respondent Brown, and of their false and fraudulent representations. It is averred that since the rendition of said decree respondent has violated the terms and provisions thereof and has interfered with the rights of complainant thereunder. The prayer is for the vacation of the decree in question and for the annulment of complainant's conveyance to the respondent.

George Pegram, of Faunsdale, and Craig & Craig, of Selma, for appellant.

If the bill sets forth so much of the deed as is material, it is sufficient. Story, Eq. Pl. § 241; Daniell, Ch. Pl. (6th Am. Ed.) 367; Fletcher, Eq. Pl. & Pr. § 99; 61 Ala. 432. A judgment or decree of a court of record may be impeached by an original bill on the ground of fraud perpetrated in the procurement thereof. Fletcher, § 956; 34 Ala. 455; 114 Ala. 642, 21 South. 534; 132 Ala. 127, 31 South. 498; 80 Ala. 22; 74 Ala. 604. Several fraudulent transactions alleged to have been committed by the same person or persons may be attacked in the same bill. 132 Ala. 107, 31 South. 524; 70 Ala. 108; 84 Ala. 600, 4 South. 725; 90 Ala. 497, 8 South. 52; 101 Ala. 15, 13 South. 343.

W. F. Herbert, of Demopolis, and Pettus, Fuller & Lapsley, of Selma, for appellee.

When a bill makes an instrument a part of itself without setting forth the contents thereof or having annexed thereto a copy, it is bad on demurrer. 38 N. C. 531; 12 Pet. (37 U. S.) 218, 9 L. Ed. 1062; 85 Md. 531, 37 Atl. 18; 185 Mass. 223, 70 N. E. 47; Sims' Ch. § 306; 67 Ill. App. 678; 182 Ala. 243, 62 South. 511; 200 Ala. 529, 76 South. 855.

THOMAS, J. The appeal is from a decree sustaining demurrer to the bill.

[1] 1. The conveyances made the subject of the bill were sufficiently averred, and not required to be set out in hæc verba. Story's Eq. Pl. § 241; Daniell's Ch. Pl. (6th Am. Ed.) 376; Fletcher's Eq. Pl. & Pr. § 99; 4 Encyc. P. & Pr. 916; Sprague v. Shields, 61 Ala. 428, 432; Houston v. Williamson, 81 Ala. 483, 1 South. 193. See George v. Roberts (Ala. Sup.) 92 South. 1; [1] Moundville Lbr. Co. v. Warren, 203 Ala. 488, 83 South. 479; Doullut v. Hoffman, 204 Ala. 33, 86 South. 73; Davis v. Campbell, 3 Stew. 319, 321.

[2] 2. The bill seeking relief for same cause from two or more conveyances or fraudulent transactions between the same parties as to the lands described in the bill does not render the bill multifarious, where

[1] 207 Ala. 191.

the averments and prayer of the bill are not duplex, but sufficient and appropriate to a singleness of object and purpose. Belleview Cemetery v. Faulks, 198 Ala. 579, 73 South. 927; Webb v. Butler, 192 Ala. 287, 296, 68 South. 369, Ann. Cas. 1916D, 815; Norville v. Seeberg, 205 Ala. 96, 87 South. 164, 167; Wimberly v. Fert. Co., 132 Ala. 107, 31 South. 524; Florence Co. v. Hanby, 101 Ala. 15, 13 South. 343; Lyons v. McCurdy, 90 Ala. 497, 8 South. 52; Handley v. Heflin, 84 Ala. 600, 604, 4 South. 725; Johnston v. Smith, 70 Ala. 108.

[3, 4] 3. When a judgment or decree may be attacked for fraud is a subject of recent discussion by this court. De Soto Cases, 194 Ala. 537, 69 South. 948; 188 Ala. 667, 65 South. 988; Sims v. Riggins, 201 Ala. 99, 105, 77 South. 393. That is to say, fraud in the procurement of a judgment, to be vitiating, must be in the very act of obtaining that judgment or in its concoction, and hence must be extrinsic or collateral to the matter or question which was tried and determined by the judgment in question and so challenged. And it was held in the De Soto Cases that equity will not annul a judgment at law because of the use of perjured testimony, and that misrepresentations by a party to the suit as to the merits of his cause do not amount to the preventive act contemplated by the rule that—

"When a party is prevented from discovering the defense by the act of the opposite party, unmixed with fault or negligence on his part, ordinary diligence is excused."

The instant case was not that of extrinsic fraud or misrepresentation, as acts that prevented the complainant from discovering the defense of the opposite party, but was a case of mistake of judgment (not of extrinsic fact) averred to have been entertained or acquiesced in by the complainant, as the complainant in the former suit, causing him to consent to or permit the former decree to be entered against him and from which he did not appeal. Mr. Pomeroy says of the subject or object where "there has been no fair adversary trial at law" that:

"A distinction is made between fraud, accident, mistake, and the like, relating to the subject-matter of the action, and similar elements relating to the conduct of the suit. Fraud relating to the subject-matter is not of itself sufficient ground for relief. Where it relates to the conduct of the suit, as where it prevents a party from asserting his rights, there is no fair adversary proceeding, and equity will interfere. The courts commonly speak of the former class as intrinsic, and of the latter as extrinsic, fraud, etc. Thus it is generally said that it is extrinsic fraud, mistake, and the like which are grounds for relief." 6 Pom. Eq. Jur. p. 1092; 2 Pom. Eq. Rem. § 648.

The fraud averred in the De Soto Case was of the intrinsic class—of the subject-

matter of the suit at law by Hill—and it was held to afford no basis for relief. Such was the case made by the bill here, and was subject to the grounds of demurrer assigned.

The judgment of the circuit court is affirmed.

Affirmed.

ANDERSON, C. J., and McCLELLAN and SOMERVILLE, JJ., concur.