# Ellis & Co. *v.* Mobile, J. & K. C. R. R. Co.

### *Garnishment.*

(Decided Nov. 23, 1909.　Rehearing denied Feb. 26, 1910.
51 South. 860.)

1. *Attorneys; Agreement of Counsel; Effect of Subsequent Proceedings.*—An agreement of counsel that the facts set forth in a motion are true, is not affected by the amendment of such motion on the subsequent motion of one of such counsel.

2. *Bankruptcy; Discharge; Effect on Prior Judgment.*—Where a judgment is obtained prior to an adjudication in bankruptcy such is discharged by the subsequent adjudication in bankruptcy, of the judgment defendant.

3. *Same; Bankruptcy; Earnings; Effect of Discharge.*—The debt having been extinguished by a discharge in bankruptcy, the earnings of a debtor subsequent to his discharge were not subject to a debt contracted prior to his discharge.

APPEAL from Mobile Law and Equity Court.

Heard before Hon. SAFFOLD BERNEY.

J. B. Ellis & Co. obtained a judgment against E. A. Bayley, and on said judgment summoned the M. J. & K. C. R. R. Co., and another as garnishees. There was judgment discharging the garnishees and plaintiff appeals. Affirmed.

D. B. COBBS, for appellant. The answer of the garnishee is not a part of the record unless made so by bill of exception or by a recital in the judgment entry, and the so-called claim of the Fisher Credit Company should be disregarded.—*Decatur Co. v. Craft,* 97 Ala. 521. A discharge in bankruptcy would be no defense in this suit, it being purely personal to Bayley and Bayley was not and could not be a party since the garnishment was after judgment, and he had no right except to contest the answer or to claim his exemptions or to appeal if

any of his statutory rights were violated. He could not intervene.—102 Ala. 205; 93 Ala. 302; 93 Ala. 172; 51 Ala. 104; 71 Ala. 32; 11 Ala. 608; 122 Ala. 544.

RICKARBY & BONNER, for appellee. A motion to stay further proceedings was properly filed in the court which rendered the judgment.—Sec. 11, Bankruptcy Act; Collier on Bankruptcy, 149; 3 Am. Bk. Rep. 228. A judgment creditor cannot subject earnings of a bankrupt acquired after bankruptcy to the satisfaction of a judgment procured before adjudication.—Loveland on Bankrutcy, 507; Collier on Bankruptcy, 589; Section 17, Bankruptcy Act, 5 Ala. 810; 147 Fed. A discharge in bankruptcy operates as a discharge of a judgment obtained prior thereto.—*In re West*, 11 Am. Bankruptcy Rep. 782; *Clark v. Clark*, 17 How. 315; 164 Fed. 883.

EVANS, J. Apellants obtained a judgment, on the 20th day of October, 1908, at the October term of the law and equity court of Mobile, against Eugene A. Bayley for the sum of $171.33 and costs of suit. On November 4, 1908, the said Eugene A. Bayley was adjudged a bankrupt. On November 14, 1908, appellants made affidavit, and gave bond, as required by the statutes of this state, and obtained a writ of garnishment on said judgment to the Mobile, Jackson & Kansas City Railroad Company, a corporation, and to the New Orleans, Mobile & Chicago Railroad Company, a corporation. On the 9th day of December, 1908, the Mobile, Jackson & Kansas City Railroad Company filed its answer, admitting an indetbedness of $85. On January 11, 1909, the same garnishee filed a supplemental answer, admitting an indebtedness of $170 at the time of making supplemental answer. Of this amount $8.50 was due for

wages due the said E. A. Bayley for personal services on the 1st, 2d and 3d days of November, 1908, and the remainder of said amount due was for personal services rendered subsequent to November 3, 1908, and up to and including December 31, 1908, when said E. A. Bayley's employment with garnishee terminated. The said garnishee, in answering, averred that defendant, E. A. Bayley, had notified it that he claimed the wages due him for November 1, 2, and 3, 1908, as being exempt to him under the provisions of section 4165 of the Code of Alabama, and that he claimed that the remainder of money in the hands of garnishee was earned by him as wages for personal services subsequent to his having been adjudged a bankrupt by the honorable District Court of the United States for the Southern District of Alabama.

Upon this supplemental answer being filed, the plaintiff filed motion for leave to move to judgment, and for judgment against the garnishee so answering, and set up in said motion the facts as stated in the beginning of this opinion. The attorneys for the plaintiff and for the garnishee filed a written agreement, signed by each, that the matters set up as facts in said motion were true, and that, if the motion was submitted Monday, January 18, 1909, the garnishee, without prejudice to plaintiff's rights, might pay to the said Bayley $50 of the money answered already as exempt to him under the exemption laws of the state. The garnishee then moved the court for an order discharging said garnishee upon his final answer filed in this cause, and plaintiff objected to this motion, because the money on which plaintiff's garnishment is a lien had not been paid into court as provided by the statute; none having been paid in. The plaintiff then asked leave, obtained permission, and amended his motion to proceed to judg-

ment by striking out all reference to the matter of bankruptcy.

The court granted the motion of garnishee to be discharged, and denied the motion of plaintiff for judgment on answer of garnishee for $120, as insisted by plaintiff. The plaintiff below, appellant here, now assigns as error: (1) The ruling of the court in discharging the garnishee on its answer. (2) The refusing of the plaintiff's motion for judgment against the garnishee on its answer.

The contention of appellants is that their motion for judgment having been amended, so as to strike all statements relating to the adjudication of the said E. A. Bayley to be a bankrupt, there was no evidence in the case as it then stood, when the order discharging the garnishee upon his answer was made, to show that defendant, Bayley, had ever been adjudicated a bankrupt, except the statement of the garnishee that the defendant, E. A. Bayley, had notified it that he claimed the wages as due to him for November 1, 2 and 3, 1908, as being exempt to him under the provision of section 4165 of the Code of Alabama, and, further, that he claimed that the remainder of money now in the hands of garnishee was earned by him for personal services rendered subsequent to his having been adjudged a bankrupt by the honorable District Court of the United States for the Southern District of Alabama. Appellants claim that their failure to contest this answer only admitted that the defendant, Eugene A. Bayley, had notified garnishee that such was the case, and not the fact that such was the case. So far as the effect of the mere failure to contest the answer is concerned, that may be true; but we hold that, while the amendment of the motion for judgment by plaintiff struck out all mention of the bankruptcy matter, so far as the motion was con-

cerned, yet the amendment did not destroy the written agreement, signed by counsel for both the plaintiff and the garnishee, to the effect that the facts set up in said motion as facts were true, and these facts so stated showed that the suggestion as stated in garnishee's answer was true. The judgment having been obtained prior to the adjudication of bankruptcy, the debt which was the foundation of the judgment was barred and discharged by the adjudication, and the judgment was without vitality. There was nothing, therefore, upon which to predicate a writ of garnishment, and the garnishee should have been discharged upon his motion.—16 Am. & Eng. Ency. Law, 771.

The $8.50 earned before the adjudication in bankruptcy, together with $41.50 more, was allowed by consent of plaintiff as exempt, and all of the balance, to-wit, $120, was earned by defendant for personal services rendered after he had been adjudged a bankrupt. This could not be subjected to a debt contracted prior to such adjudication.—16 Am. & Eng. Ency. of Law (2d Ed.) pp. 699-706, and cases there cited.

Affirmed.

DOWDELL, C. J., and ANDERSON and SAYRE, JJ., concur.