### In re BASSETT.

(District Court, E. D. Washington, S. D. May 4, 1911.)

No. 622.

1. BANKRUPTCY (§ 396*)—EXEMPTIONS—RESIDENCE.
   The bankrupt's right to exemptions is fixed by the state or local laws where he had his domicile.
   [Ed. Note.—For other cases, see Bankruptcy, Dec. Dig. § 396.*]

2. BANKRUPTCY (§ 396*)—EXEMPTIONS—RESIDENCE—EVIDENCE.
   Evidence *held* to show that the bankrupt had his residence in the state of Washington, entitling him to exemptions under the laws of that state.
   [Ed. Note.—For other cases, see Bankruptcy, Dec. Dig. § 396.*]

---

3. DOMICILE (§ 8*)—RESIDENCE—BURDEN OF PROOF.

The burden of proving change of residence is upon those asserting it.

[Ed. Note.—For other cases, see Domicile, Cent. Dig. §§ 36, 37; Dec. Dig. § 8.*]

In the matter of James W. Bassett, bankrupt. On question certified to the court by the referee as to exemptions. Exemptions allowed.

Frank B. Sharpstein, for bankrupt.
J. C. Hurspool, for excepting creditor.

RUDKIN, District Judge. The following question has been certified to the court by the referee in bankruptcy at the instance of one of the bankrupt's creditors:

"Whether the said bankrupt, James W. Bassett, is entitled to any of the property set off in the trustee's report for the reason that said bankrupt is not a resident of the state of Washington and not entitled to any exemption?"

Section 6 of the bankruptcy act of July 1, 1898, c. 541, 30 Stat. 544 (U. S. Comp. St. 1901, p. 3424), provides that:

"This act shall not affect the allowance to bankrupts of the exemptions which are prescribed by the state laws in force at the time of the filing of the petition in the state wherein they have had their domicile for the six months, or the greater portion thereof immediately preceding the filing of the petition."

[1] The bankrupt had his domicile in this state during the prescribed period, and his right to exemptions is fixed by the state or local laws. The exemptions in question are claimed under title 4, c. 3, § 563, Rem. & Bal. Code Wash. Section 571 of the same chapter contains the following proviso:

"And provided also, that nothing in this chapter shall be construed to exempt from attachment or execution property, real or personal, of non-residents, or any person who has left or is about to leave the state with the intent to defraud his creditors."

The petition in bankruptcy was filed and the exemptions claimed on the 22d day of December, 1910, and the answer to the question certified depends upon the residence of the bankrupt on that date. In re O'Hara (D. C.) 162 Fed. 325; In re Donahey (D. C.) 176 Fed. 458.

[2, 3] The testimony on the question of residence is extremely meager and unsatisfactory. Both parties seem to have studiously avoided that issue. All that appears in the record is this: The bankrupt and his family came to this state from Oregon in the spring of 1908 and settled in Walla Walla county. On the 2d day of May, 1910, he filed on a homestead in the state of Montana and thereafter returned to this state where he pursued his farming operations. How long he was absent from the state on that occasion does not appear. On the 19th day of October, 1910, he sent his wife to Montana to establish a residence on the homestead, furnishing her money for that purpose. The wife caused the erection of a small house on the

homestead at a cost of $117 and remained there for some time, returning to this state on the 7th day of December, 1910. Since her return, so far as the record discloses, she and her husband have remained in this state, and there is no evidence as to their intentions for the future. Under this testimony I am of opinion that the referee properly found that the bankrupt was a resident of this state. He was unquestionably a resident of the state for a considerable period of time preceding the filing of the petition in bankruptcy, and the burden of proving a change of residence is upon those asserting the change. In re Grimes (D. C.) 94 Fed. 800.

A party cannot be a resident of the state of Montana within the meaning of the federal homestead law, and a resident of the state of Washington within the meaning of the exemption laws, at one and the same time, but this court is only concerned with the question of his residence in this state. His actual residence has at all times been here, and whether his constructive residence will hold down his homestead claim in Montana does not concern us. It may well be that the present adjudication as to his place of residence, made at his instance, will jeopardize or defeat his homestead claim in Montana, but that question affects him alone. I am satisfied that the testimony fails to show that he was a nonresident of the state on the 22d day of December, 1910, when his right to exemptions became fixed, and the finding of the referee is therefore approved. Let an order be entered accordingly.