195 So. 295

**HUCKABEE v. STEPHENS (BIRMING-
HAM ELECTRIC CO., Garnishee).**

**6 Div. 614.**

Court of Appeals of Alabama.

Feb. 27, 1940.

Rehearing Stricken March 26, 1940.

Erle Pettus, of Birmingham, for appellant.

A. Leo Oberdorfer and Hollis Parrish, Jr., both of Birmingham, for appellees.

PER CURIAM.

This was a garnishment proceeding in the Circuit Court of Jefferson County wherein George F. Huckabee was plaintiff, George E. Stephens was defendant, and Birmingham Electric Company, a corporation, was garnishee.

The cause was finally determined upon a motion made by the defendant, Stephens, to dismiss or quash the garnishment issued out of the Circuit Court of Jefferson County. The motion was tried before the judge on the following agreed statement of facts:

"George F. Huckabee, plaintiff in the writ, recovered a judgment on the 28th day of October, 1930 in the Circuit Court of said County against the defendant in the writ, G. E. W. Stephens, in the sum of Two Thousand Dollars as damages for negligent or wanton or willful personal injury.

"Execution was duly and promptly issued within 30 days from date of said judgment upon said judgment and returned 'no property found.' A certificate of said judgment was duly recorded in the Probate Office of Jefferson County, Alabama, on November 6, 1930 as provided by statute.

"On the 28th day of July, 1938 writ of garnishment on his said judgment was duly sued out by the plaintiff against the said defendant in the writ and the Birmingham Electric Company as Garnishee.

"This writ was duly served upon the Birmingham Electric Company as garnishee on the 28th day of July, 1938 and notice of the garnishment was duly served upon the defendant in the writ more than five days before Aug. 9th, 1938.

"On the 10th day of May, 1938 the said defendant in the writ recovered a judgment against the said garnishee, the Birmingham Electric Company, in a tort suit for the sum of Five Hundred Dollars in money in the Circuit Court of Jefferson County, Alabama, case number 99674.

"The Birmingham Electric Company, a corporation, said garnishee, has heretofore admitted an indebtedness to the defendant in the writ in the sum of Five Hundred Dollars upon said judgment, and has heretofore waived its right to move for a new trial or to appeal said cause; and in effect has admitted that said garnishee is holding said $500.00 which it owes defendant in this suit subject to the order of this court or this garnishee.

"That on the 4th day of June 1938 the said G. E. W. Stephens, the defendant in the writ, filed a voluntary petition in bankruptcy scheduling and claiming among his assets the said Five Hundred Dollars due him from the Birmingham Electric Company as exempt.

"That thereafter on to-wit the 28th day of June, 1938, after hearing in said matter in the District Court of the United States for the Southern Division of the Northern District of Alabama, in bankruptcy, before His Honor J. Reese Murray, as Referee in Bankruptcy, in the matter of George E. W. Stephens, bankrupt, number 44128, upon rule and motion upon the plaintiff in the writ to dismiss a former garnishment filed within four months prior to adjudication of bankruptcy it was held by the court that the said Bankruptcy Court had no jurisdiction to dismiss the garnishment proceedings upon the facts and evidence therein considered including the fact that the said $500.00 held by said B'ham Elec Co. was exempt to said bankrupt; and the parties were referred back to the State Court for the further proceedings in reference to said exempt property, namely said $500.00.

"Thereafter on the 8th day of Aug. 1938, a motion in this cause was made and same being a motion to dismiss the garnishment proceedings and order the plaintiff to release the garnishment issued in said cause upon the grounds stated in this pending motion, case number #101970.

"It is further agreed that in his voluntary petition in bankruptcy filed by the defendant in the writ, George E. W. Stephens, on the 4th day of June, 1938, in the District Court of the United States for the Southern Division of the Northern District of Alabama, case number 44128, the said defendant in the writ was duly adjudicated a bankrupt upon the filing of said petition; that Schedule 'A' of his petition in bankruptcy listed the plaintiff in the writ, George Huckabee, as his only creditor for the sum and amount of Two Thousand Dollars due plaintiff in the suit for defendant is not on plaintiff's said to-wit judgment, and that Schedule 'B' of the bankrupt's petition listed the said Five Hundred

Dollars due the bankrupt by the Birmingham Electric Company under a judgment obtained by said defendant in the writ as personal property exempt to the bankrupt; which said five hundred dollars is now and was at the time of said adjudication of bankruptcy and is now held by the said garnishee, the Birmingham Electric Co.,

"Erle Pettus,
"Attorney for the Plaintiff.
"Hollis Parrish, Jr.,
"Attorney for the Defendant."

The judgment of Huckabee against Stephens for $2,000 recovered in October, 1930, and recorded in the office of the Judge of Probate of Jefferson County, in accordance with Section 7874 of the Code of 1923, becomes a lien in the county where filed, on all the property of the defendant which is subject to levy and sale under execution, and such lien shall continue for ten years after the date of such judgment, and no insolvency proceedings or declaration of insolvency shall affect or impair such lien, except bankruptcy proceedings instituted within four months after the filing of the certificate of judgment or decree for record as provided by law. Section 7875, Code 1923.

The above judgment being based upon wanton negligence and not being predicated upon a willful, intentional or malicious act is an obligation of the bankrupt which is dischargeable upon his petition in bankruptcy. 8 Corpus Juris Secundum, Bankruptcy, page 1526, § 574 d.

The judgment for $500 obtained by the defendant against the Birmingham Electric Company in May, 1938, became, according to the agreed statement of facts, money in the hands of a stakeholder, and as such was property subject to levy. Hall and Farley, Trustees v. A. T. & I. Co., 143 Ala. 464–481, 39 So. 285, 2 L.R.A.,N.S., 130, 5 Ann.Cas. 363; Barnett v. Bass, 10 Ala. 951; First Freeman on Execution, Section 111. So that, under the statutes of this State, when the five hundred dollar judgment against the Birmingham Electric Company became leviable property, the lien of the recorded judgment for $2,000 fastened itself upon that $500 and subjected it to the payment of the judgment.

The agreed statement of facts in this case shows that the judgment for $2,000 against the defendant, on which the garnishment was issued, was a tort judgment for negligent and wanton injury and

that, therefore, no exemption could be claimed as against this judgment. The exemption statutes (Code 1923, § 7882 et seq.) do not apply to judgments of this character. Meredith v. Holmes, 68 Ala. 190; Wright v. Jones, 103 Ala. 539, 15 So. 852; Stuckey v. McKibbon, 92 Ala. 622, 8 So. 379; Dangaix v. Lunsford, 112 Ala. 403, 20 So. 639; Erlenbach v. Cox, 206 Ala. 298, 89 So. 465.

The exemption laws as provided in our statutes do not operate against judgments similar to the two thousand dollar judgment in this case. Schuessler v. Dudley, 80 Ala. 547, 2 So. 526, 60 Am.Rep. 124. It being shown by the agreed statement of facts that the Birmingham Electric Company was a mere stakeholder of the $500, the proper remedy to reach this property was by garnishment; such being the provision made by statute to subject money or effects of a defendant in attachment, or in a judgment or decree, or in a pending suit commenced in the ordinary form, in the possession or under the control of a third person, on contracts or obligations for the delivery of personal property for the payment of money. Code 1923, §§ 8051, 8052. The term property includes money, as well as everything else subject to ownership. In re Pfaffinger, D.C., 154 F. 528; United States v. Isham, 17 Wall. 496, 21 L.Ed. 728.

The institution of bankruptcy proceedings cannot affect the lien of the plaintiff upon any property coming into the possession of the defendant, Stephens, and the bankruptcy court properly recognized this principle when the matter came before it for adjudication. In passing upon the motion of the bankrupt to set aside the garnishment, the bankruptcy court, after the bankrupt had claimed the $500 as exempt, properly relegated the whole matter to the state court, there to be litigated in accordance with the statutes of this State. Baker v. Gate City Coffin Co., 203 Ala. 6–8, 81 So. 674.

It is to be noted that the rights and status of the plaintiff, Huckabee, and defendant, Stephens, are not governed by the rules affecting pending suits, after the institution of bankruptcy proceedings. The suit between the parties had been consummated and, by a compliance with the statutes, had ripened into a lien fixed by law, and, when the property came into existence as the property of the defendant, the lien immediately attached.

It is the universal rule that proceedings in bankruptcy do not destroy existing liens on the bankrupt's exempt property. On the contrary such liens attaching before the commencement of the bankruptcy proceedings, whether created by legal procedure or by acts of the debtor, follow the property into the bankruptcy and are not obliterated or extinguished by the setting apart of a portion of such property as exempt. In re Maynard & Co., D.C., 183 F. 823; Long v. Bullard, 117 U.S. 617, 6 S.Ct. 917, 29 L.Ed. 1004.

The bankruptcy court has no jurisdiction over exempt property when claimed by the bankrupt, unless, perhaps, a contest might be instituted in that court to test the bona fides of the claim. But, where there is no controversy as to the amount and bona fides of a claim of exemption by the bankrupt, the bankruptcy court will not undertake to administer it other than to set it aside, leaving it subject to any liens which might have or may attach from another jurisdiction. The bankruptcy law neither enlarges nor diminishes the exemption laws of a state. In re Bassett, D.C., 189 F. 410; In re Andrews & Simonds, D.C., 193 F. 776, 778; In re Solomon & Johnson, D.C., 254 F. 503.

It appears from the agreed statement of facts that the bankruptcy court asserts no right or claim over the $500 in controversy. On the contrary, by its decree, it relegated to the state court the controversy between the plaintiff and the defendant, there to be litigated and determined according to the laws of the State of Alabama; and in its final decree discharging the bankrupt from all of his provable debts, including the judgment of the plaintiff against the defendant, such discharge did not have the effect of interfering with the lien which had already been fastened upon the $500 in favor of the plaintiff in the case.

Garnishment being the proper remedy for reaching this $500 in the hands of the Birmingham Electric Company, the Circuit Court committed error in dismissing or quashing the garnishment proceeding.

The judgment is reversed and the cause is remanded.

Reversed and remanded.

NOTE:—The foregoing opinion was prepared by the late Judge SAMFORD. Since his untimely death, this court has considered this case en banc. We are clear to the conclusion that said opinion is correct in all things; therefore, it is hereby approved and is made and adopted as the opinion of this court.