In re Madison H. HOOTON, Sr. and Marian P. Hooton, Debtors.

Madison H. HOOTON, Sr. and Marian P. Hooton, Plaintiffs,

v.

CENTRAL SOYA COMPANY, INC., Defendant.

Bankruptcy No. 83–04500.
Adv. No. 84–0149.

United States Bankruptcy Court,
N.D. Alabama.

April 18, 1985.

Thomas J. Knight, Anniston, Ala., for plaintiff-debtor.

Richard P. Carmody, Birmingham, Ala., for defendant Central Soya.

FINDINGS, CONCLUSIONS, AND
ORDER BY THE COURT ON
PLAINTIFFS' COMPLAINT

L. CHANDLER WATSON, Jr., Bankruptcy Judge.

The above-styled case is pending before this Court under title 11, United States Code, chapter 11, having been commenced in this Court by a voluntary petition filed August 22, 1983, and having been re-referred to the bankruptcy court by the district court after July 10, 1984. The above-styled adversary proceeding was commenced on behalf of the debtors, by a complaint filed in said case on March 15, 1984. The debtors remain in possession of the assets of the estate in this case. The defendant is a judgment creditor of the debtors.

The defendant's response to the complaint was a motion to dismiss, coupled with an answer. The motion to dismiss asserted that the complaint failed "to state a cause of action upon which relief can be granted." It listed the following three grounds for that conclusion:

1. Plaintiffs have failed to allege that a transfer was made within one year of the date of the filing of the petition.

2. Plaintiffs have failed to allege that any such transfer was made with actual intent to hinder, delay or defraud creditors of the Plaintiffs.

3. Plaintiffs have failed to allege that the Plaintiffs were insolvent on the date of any such transfers or became insolvent as a result of such transfers.

Before the motion to dismiss was heard, the defendant had filed a motion for summary judgment, supported by an affidavit and various documents. At the hearing on the motion to dismiss the complaint, the Court indicated that the debtors would be given an opportunity to amend the complaint, which was done. Thereafter, the Court held a hearing on both motions and, later, held a continued hearing on both motions. The motions were, at that time, taken under advisement by the Court for rulings thereon.

The debtors alleged in their complaint that the subject matter of this adversary proceeding was:

1. A claim against the defendant which is a setoff or counterclaim against the claim of the defendant; and

2. "[A] proceeding under federal bankruptcy law to declare certain liens held by the said creditor null and void ...."

*Findings of Fact—*

The facts involved in this adversary proceeding are not in dispute and are found, from the statements of counsel, the pleadings, and the documents attached to the pleadings, as follows:

1. The defendant in this adversary proceeding, having brought suit against the debtors and their two children, in the United States District Court for the Northern District of Alabama, recovered a judgment against the debtors and said two children, in the sum of $818,652.13 on August 12, 1982;

2. This judgment was entered by order of a judge of that court on August 11, 1982, reciting that the judgment was to be entered on the basis of a "Stipulation to Entry of Judgment;"

3. A certificate of judgment by the clerk of that court, dated August 25, 1982, shows a partial satisfaction of $300,000.00, leaving an unsatisfied balance of $518,-652.13;

4. During the period of August 30 through October 6, 1982, said certificate of judgment was filed for record in the office of the Probate Judge of Randolph, Tallapoosa, and Clay Counties, Alabama, respectively; and

5. At the commencement of this bankruptcy case, at least a substantial portion of said judgment remained unpaid and a substantial portion of the tangible property of the debtors' respective estates was located in one or more of said counties.

*Conclusions by the Court—*

This bankruptcy case is but one of four related chapter 11 cases. Such a case is pending for each of the two children of the debtors in the instant case, and a chapter 11 case is pending for a business partnership comprised of the four individual debtors.

The instant adversary proceeding is but one of three which are pending between said debtors (or some of them) and the defendant, Central Soya Company, Inc. All of the adversary proceedings evidence a common dispute concerning said judgment and the potential liens upon various property of the debtors or other property, as well as the enforceability of such liens in these chapter 11 cases.

*Code of Alabama,* § 6–9–210 (1975) permits the owner of any judgment, entered in any court of the State of Alabama or of the United States held in this state, to file a certificate of such judgment in the office of the judge of probate of any county in Alabama. Said *Code,* in § 6–9–211, further provides that, upon the filing of such certificate, the judgment "shall be a lien in the county where filed on all property of the defendant which is subject to levy and sale under execution ...." One may wonder to what effect, but the latter section further states: "[n]o insolvency proceedings or declaration of insolvency shall affect or impair such lien, except bankruptcy proceedings instituted within four months after the filing of the said certificate of judgment for record as provided by law....."

The plaintiffs' complaint, in its first aspect, alleges that the defendant's federal court judgment was for an amount substantially in excess of any debt actually owed by the debtors to the plaintiff in that action (defendant here) and that the judgment resulted in the debtors' abandonment "of a substantial and valuable claim for unlawful overcharges by the defendant." This aspect of the complaint is heightened by further allegations that the debtors "were subject to substantial and oppressively burdensome litigation ..., ... were unable to meet the inordinate and overpowering burden of litigation expense ... with a multinational corporation, and ... were forced to succumb to the judgment ... without a reasonable equivalent exchange of any kind."

■ This attack upon the judgment cannot succeed. Rule 60(b), Fed.R.Civ.P., provides that the court which renders a judgment may, on motion and upon such terms as are just, relieve a party from the judgment "for the following reasons: ... (3) fraud (whether heretofore denominated intrinsic or extrinsic), misrepresentation, or other misconduct of an adverse party; ... or (6) any other reason justifying relief from the operation of the judgment ...." None of the other grounds stated appears relevant to the circumstances of this adversary proceeding. The debtors, of course, are not seeking relief from the judgment by a motion in the United States district court for this district; [1] but Rule 60 additionally states the following: "[t]his rule does not limit the power of a court to entertain an independent action to relieve a party from a judgment ...." The Advisory Committee note to subdivision (b) of Rule 60, states that the "independent action to obtain relief from a judgment ... may or may not be begun in the court which rendered the judgment."

The bankruptcy court, thus, may entertain this independent action (adversary proceeding) by which the defendants (plaintiffs here) seek to obtain relief from the judgment of the United States district court.[2]

---

1. Rule 60(b), Fed.R.Civ.P., includes this time limitation: "[t]he motion shall be made within a reasonable time, and for reasons (1), (2), and (3) not more than one year after the judgment ... was entered or taken." The time has expired as to reason (3) and nothing indicates that it has not expired as to reason (6).

2. The bankruptcy judge realizes that this adversary proceeding may be considered as an attack upon the judgment of the district court begun in that court, in the light of the amendments effected by the Bankruptcy Amendments and Federal Judgeship Act of 1984, Pub.L. No. 98–353 (July 10, 1984). In 28 U.S.C. § 1334(a) and (b) it is provided that "the district courts shall have

Their efforts fail, however, because no sufficient ground for such relief is alleged, and it does not appear that any such ground could be alleged which has any reasonable prospect for being proved.

■ It appears to the bankruptcy judge that the grounds for relief from the judgment, in an independent action for relief, would be analogous to those recited in Rule 60. No circumstances are alleged which would support the catch-all provision: "(6) any other reason justifying relief from the operation of the judgment." This leaves the ground of fraud, misrepresentation, or other misconduct of an adverse party.

The allegations of the complaint appear to hint at each of these three grounds. If fraud is relied upon, the debtors have failed to deal successfully with the requirements of Bankr.R. 7009, making applicable Fed.R. Civ.P. 9, which requires that "[i]n all averments of fraud or mistake, the circumstances constituting fraud or mistake shall be stated with particularity." The debtors' complaint contains no sufficient allegations to sustain a ground of "fraud" for their being relieved from the effect of the judgment.

As to "misrepresentation," the complaint alleges that the judgment was "for an amount substantially in excess of any debt actually owed." That averment is consistent with an absence of the debtors' reliance upon any "misrepresentation," because (even if true) there is no allegation that the debtors were not then as aware of the overstatement of the claim as they are now. If the debtors paid no heed to the misrepresentation, surely the misrepresentation alone would not justify granting

them relief from the judgment stipulated to by them. Furthermore, this allegation appears to be an effort to relitigate this issue and runs afoul of the doctrine of *res judicata*.

A charge of "other misconduct of an adverse party" would have to find its support in the debtors' allegations concerning "the inordinate and overpowering burden of litigation expense ... with a multinational corporation." If this were a sufficient ground for relief from a judgment, no large corporation, such as General Motors Corporation, could obtain a judgment against a defendant with small resources and have any confidence that the judgment would not be set aside, no matter how impeccable were the conduct of the plaintiff in the case. The allegation by the plaintiffs that "the judgment resulted in the abandonment ... of a substantial and valuable claim for unlawful overcharges" adds nothing to the virility of the complaint. The latter allegations appear to be little more than an expression of dissatisfaction and are, as well, an effort further to litigate with the defendant matters resolved in the case before the district court.

To the extent that the debtors' efforts in this adversary proceeding may be considered to be an attempt to seek relief from said judgment, by means of Rule 60(b), Fed.R.Civ.P., no such relief may be, or should be, granted.

The debtors' complaint displays some ambiguity in requesting, in the body of the complaint, that the Court reinstate their alleged claims against the defendant and "set aside the judgment as being a transfer or obligation incurred [*sic*] voidable under

original and exclusive jurisdiction of all cases under title 11" and "shall have original ... jurisdiction of all civil proceedings ... arising in or related to cases under title 11." Section 157 of title 28 now provides that such cases and proceedings may be referred by the district court "to the bankruptcy judges for the district." Amended § 151 of title 28 proclaims that "the bankruptcy judges in regular active service shall constitute a unit of the district court to be known as the bankruptcy court for that district." Where, as here, such cases and proceedings have been referred to the bankruptcy

judges, it may well be concluded that the instant proceeding is before a judicial officer of the district court which rendered the judgment in question, for the exercise of jurisdiction and judicial powers delegated by that district court, with the end result that the debtors' adversary proceeding is, in fact, an attack upon the judgment, made in the court which rendered the judgment. A resolution of this issue does not, however, have a controlling effect upon the outcome of the bankruptcy judge's consideration of the motion to dismiss and the motion for summary judgment.

11 U.S.C. § 548," while requesting, in the prayer, that the Court avoid "the lien of the judgment." Section 548 provides that the "trustee may avoid any transfer of an interest of the debtor in property ... that was made or incurred on or within one year before the date of the filing of the petition, ..." under circumstances therein stated. A chapter 11 debtor is given the rights of a trustee in such a case by the provisions of 11 U.S.C. § 1107. Section 101(48) of title 11 defines *transfer* to mean "every mode, direct or indirect, absolute or conditional, voluntary or involuntary, of disposing of or parting with property or with an interest in property ...."

The obtaining of a judgment does not effect a *transfer* of any property, under the applicable law of the State of Alabama. As noted earlier, a judgment creditor may file for record a specified certificate of the judgment,[3] which filing will create a lien (in the county where filed) on all property of the defendant which is subject to levy and sale under execution.[4] Without the additional step of obtaining and filing a proper certificate of the judgment, the judgment creditor has no lien; thus, no transfer of an interest in property of a defendant occurs simply by the obtaining of the judgment. Furthermore, it appears that the judgment was entered August 12, 1982, that this chapter 11 case was commenced August 22, 1983, and that the entry of the judgment was not "within one year before the date of the filing of the petition," a condition for the applicability of 11 U.S.C. § 548(a).

These conclusions leave unsettled the question of whether the filing by the defendant of the certificate of judgment, as provided in *Code of Alabama*, § 6–9–210 (1975), effected a transfer of property of the debtors, which they may now avoid under the provisions of 11 U.S.C. § 548(a). Although the debtors' complaint does not specifically allege that the liens created by the filing for record of the certificate of judgment constituted fraudulent transfers

under § 548(a), Bankruptcy Rule 7008(a) makes applicable Rule 8, Fed.R.Civ.P., which admonishes, in subdivision (f) that "pleadings shall be so construed as to do substantial justice." Under this rule, the plaintiffs' complaint should be tested as if it more directly and plainly averred such a fraudulent conveyance.

As found by the bankruptcy judge, the certificate of judgment was filed for record in the respective counties stated during the period of August 30 through October 6, 1982, well "within one year before the date of the filing of the petition," on August 22, 1983. This meets the time requirement of § 548(a).

When the time requirement of § 548(a) is met, there are alternative principal requirements for the setting aside of a transfer as "fraudulent." The first has to do with actual intent to hinder, delay, or defraud creditors and is not applicable to the facts involved in this proceeding. The other condition for avoiding a transfer as "fraudulent" is coupled with three disjunctive other conditions. Aside from these three, the principal requirement is that the debtor "receive less than a reasonably equivalent value in exchange for such transfer." The oscillation by the debtors between references to the judgment and references to the liens created by filing for record the certificates of judgment makes analysis here difficult, but a correct conclusion appears to be clear if it is kept in mind that a transfer took place only by the filing of the certificate of judgment and not by the entry of the judgment by the district court. The "reasonably equivalent value" received in exchange for the transfer was the judgment itself. Application of the term "reasonably equivalent value" to a transfer of a debtor's property, as referred to in subsection (a) of § 548, is governed or limited by the provisions of subsection (d)(2), where it is stated, in part, that "[i]n this section ... 'value' means ... securing of ... [an] antecedent debt of the debtor ...." Thus, the

---

3. Code of Ala., § 6–9–210 (1975).

4. *Id.*, § 6–9–211.

statute protects the transfer here from the debtors' attack, although giving an artificial meaning to the concept of the debtors' having received any "value." It was necessarily "equivalent" because the liens created would secure no monetary obligation beyond the amount of the judgment. The creation of these liens was no different from the situation which would have existed if the debtors had executed and delivered to the defendant a mortgage on the property subject to the judgment lien, as security for the payment of the judgment debt.

■ Although no mention is made in the debtors' complaint of the provisions of *Code of Alabama,* § 8-9-8 (1975), counsel for the debtors attempts to assert a right under that section, by means of what is entitled "PLAINTIFFS' RESPONSE TO DEFENDANT'S MOTION FOR SUMMARY JUDGMENT." That section, in the part relevant here, provides that a "general assignment made by a debtor ... of substantially all of his property subject to execution in payment of a prior debt by which a preference or priority of payment is given to one or more creditors over the remaining creditors of the grantor shall be and inure to the benefit of all the creditors of the grantor equally." In subsection (c), § 8-9-8 states: "[a] 'general assignment' within the meaning of this section shall include ... every judgment confessed ...."

Fortunately, it does not appear to be necessary to delve into the esoterics of the difference between the meaning of the term "judgment by confession" and the meaning of the term "judgment by consent."[5] Even if those terms are correctly understood, some question might be raised as to which, if either was intended by the legislature's use of the term "judgment confessed."

If the debtors may assert a contention that the entry of the judgment involved in this proceeding constituted a "general assignment," they are silent as to the provisions of the bankruptcy statute under which this may be done. The only likely possibility which occurs to the Court is 11 U.S.C. § 544(b) which provides that a "trustee may avoid any transfer of an interest of the debtor in property ... that is voidable under applicable law by a creditor holding an unsecured claim ...." Such an effort, however, runs into an irreconcilable conflict between the two statutes. This conflict lies in the fact that the Alabama statute provides that the "general assignment" shall "inure to the benefit of all of the creditors of the grantor equally." The statute contemplates that the "general assignment" shall be preserved—not avoided—but 11 U.S.C. § 544(b) provides that a "trustee may avoid" a transfer of the type therein described. This interpretation of the Alabama statute is consistent with the construction given to it by the Alabama Supreme Court.[6]

From the foregoing, it appears that the debtors do not state any enforceable claim or right against the defendant. It does not seem appropriate to grant the defendant's motion to dismiss the complaint, because the specifics stated in the motion have been met by amendment of the complaint or are inappropriate and because it is necessary to refer to the motion for summary judgment for certain of the facts. The motion for summary judgment goes off on a different course from that followed in the analysis made by the bankruptcy judge. It is not necessary to decide whether that creates an impediment to the granting of the motion for summary judgment, for the motion to dismiss may, itself, be treated as a motion for summary judgment and may be considered along with the undisputed facts brought to light in the designated motion

---

5. *See,* 49 C.J.S. *Judgments* § 134 (1947); 47 Am. Jur. *Judgments* §§ 1082, 1098–1106 (1969).

6. *See, Green v. Wright,* 160 Ala. 476, 49 So. 320 (1909); *Moog v. Talcott,* 72 Ala. 210 (1882). *See* also, *In re Grocers' Baking Company,* 266 Fed.

900 (M. & N.D.Ala.1920), *cited with approval in In re Southern Metals Products Corporation,* 26 F.Supp. 666, 672 (N.D.Ala.1939). *Cf. Baker v. Gate City Coffin Company,* 203 Ala. 6, 81 So. 674 (1919).

for summary judgment.[7] The bankruptcy judge concludes that the defendant's motion to dismiss, taken as a motion for summary judgment, should be granted and that the designated motion for summary judgment need not be ruled upon. A judgment, denying relief to the debtors will be entered.

---

**7.** Fed.R.Civ.P. 12. Rule 12(b) provides, in part, as follows: "[i]f, on a motion asserting the defense numbered (6) to dismiss for failure of the pleading to state a claim upon which relief can be granted, matters outside the pleading are presented to and not excluded by the court, the motion shall be treated as one for summary judgment and disposed of as provided in Rule 56 ...."